UNITED STATES of America,
Plaintiff-Appellee,

v.

Manuel ACOSTA-GARCIA, Defendant-
Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Florencio URIAS-MONTOYA, Defendant-
Appellant.

Nos. 71-1414, 71-1415.

United States Court of Appeals,
Ninth Circuit.

Sept. 20, 1971.

Gordon T. Alley, (argued), Sullivan, Alley & Seefeldt, Tucson, Ariz., for Florencio Urias-Montoya.

Lawrence Ollason, (argued), Gilbert Gonzales, Tucson, Ariz., for Manuel Acosta-Garcia.

Stephen McNamee, (argued), Richard K. Burke, U. S. Atty., Stanley L. Patchell, Asst. U. S. Atty., Tucson, Ariz., for appellee.

Before JERTBERG, MERRILL, Circuit Judges, and KELLEHER,* District Judge.

KELLEHER, District Judge:

Appellants were arrested, indicted and, after jury trial, convicted of unlawful importation of marihuana pursuant to 21 U.S.C. § 176a.

* Honorable Robert J. Kelleher, U.S. District Judge for the Central District of California, sitting by designation.

At the beginning of trial, as appellants were being brought into the courtroom, some members of the panel of prospective jurors saw that appellants were in handcuffs which appellants contend created a prejudicial atmosphere not dissipated by the trial court's admonition that appellants' custody was not to be equated with guilt. Appellants specify this as error.

■ We do not agree. The mere fact that some prospective members of the jury may have seen appellants in handcuffs is not so prejudicial as to require a mistrial, Loux v. United States, 389 F.2d 911 (9th Cir. 1968), particularly where, as here, the trial court took great pains to explain that this occurrence was to have no bearing on the jury's consideration of the merits of the case against appellants.

■■ In addition to the handcuffing issue, which applies to both appellants, appellant Acosta-Garcia urges that the trial court erred: (1) in denying his motion to sever trial of his case from that of co-defendant Urias-Montoya, and (2) admitting testimony by a government witness, one Treto, that he had been involved in numerous prior smuggling cases. The trial court admitted a statement by Urias-Montoya to the effect that the bricks of marihuana in question were purchased at "$25.00 each," which Acosta-Garcia contends was inadmissible hearsay evidence as to him since the jury could have interpreted the statement to mean that $25.00 was paid by each of the defendants. We doubt that the jury attached such a meaning to the statement and even if it did in spite of the trial court's instruction that any remark by Urias-Montoya was to be applied only against him and not against Acosta-Garcia, any error in admitting such testimony appears harmless and did not, we think, contribute to the conviction which had overwhelming support in the entirety of the evidence. Bruton v. United States, 391 U.S. 123, 135, 88 S.Ct. 1620, 1627, 20 L.Ed.2d 476 (1968); Harrington v. California, 395 U.S. 250, 254, 89 S.Ct. 1726, 1728, 23 L. Ed.2d ·284 (1969). Nor do we believe that the trial court erred in permitting Treto to testify about his familiarity with the area of the alleged crime or his prior involvement in smuggling operations, which testimony appears both relevant and not prejudicial.

■ Urias-Montoya contends that the trial court abused its discretion in allowing the late filing of Notice of Admissions pursuant to Rule 42, Rules of Practice of the United States District Court for the District of Arizona; the rule sets a time limit for notice to counsel of defendant's admissions. United States v. Barnes, 431 F.2d 878 (9th Cir. 1970), holds that the trial court may excuse compliance with its own local rules.

After a complete review of the record herein we cannot agree with Urias-Montoya's contention that any of the errors claimed or that the general conduct of the trial were prejudicial to him.

The judgments are affirmed.