UNITED STATES of America,
Plaintiff-Appellee,

v.

Manuel Benjamin FIGUEROA–
ESPINOZA, Defendant-
Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Eugenio NIDO–MARTINEZ, Defend-
ant-Appellant.

Nos. 71–2415, 71–2416.

United States Court of Appeals,
Ninth Circuit.

Jan. 28, 1972.

R. Lamar Couser, Tucson, Ariz., for appellant Figueroa-Espinoza.

Gilbert Bonzalez, Tucson, Ariz., for appellant Nido-Martinez.

Richard K. Burke, U. S. Atty., James E. Mueller, Asst. U. S. Atty., Tucson, Ariz., for plaintiff-appellee.

Before BROWNING, HUFSTEDLER, and WRIGHT, Circuit Judges.

PER CURIAM:

. Appellants were jointly tried and convicted on an indictment charging them

and two others with conspiring to receive, conceal, buy, sell and facilitate the transportation and concealment of 320 pounds of marihuana in violation of 21 U.S.C. § 176a, since repealed. They contend: (1) that the evidence of their participation in the conspiracy is insufficient to support the verdict; (2) that the court erred in denying their motion to suppress; and (3) that the court should have declared a mistrial when, following a recess, appellants were inadvertently brought into the courtroom in handcuffs while the jury was present.

 (1) The government's case rested primarily on the testimony of a co-conspirator, the driver of the "load vehicle." He testified that both appellants played a significant role in preparing the smuggling operation and were to act as guides in the "scout vehicle" once inside the United States. This testimony, coupled with the proximity of the two cars as they traveled north along the highway, was sufficient to permit the jury to rationally infer that appellants, beyond a reasonable doubt, participated in the conspiracy. See United States v. Nelson, 419 F.2d 1237 (9th Cir. 1969).

■ (2) The customs agent had "information" that a large load of marihuana was to be smuggled during the evening in question. He recognized the "scout vehicle" as having been involved in an earlier smuggling attempt. Search of this vehicle produced nothing. He also knew that it was common practice among smugglers to send an empty "scout vehicle" ahead of the "load vehicle." When the load vehicle approached, the agent observed that it was heavily loaded, and "sitting down on its springs." We conclude that the agent had sufficient information to support a "founded suspicion" justifying the stopping of the load vehicle. United States v. Blackstock, 451 F.2d 908 (9th Cir. 1971). It cannot be seriously argued that the additional facts that were disclosed when the vehicle stopped did not establish probable cause for the ensuing search.

■ (3) The fact that some of the jurors may have seen appellants in handcuffs was not so inherently prejudicial as to require a mistrial without more. See United States v. Acosta-Garcia, 448 F.2d 395 (9th Cir. 1971). In this case the incident was not an aggravated one. Appellants did not request a corrective instruction. In all the circumstances we conclude that the district court did not abuse its discretion in denying the motion.

Affirmed.