Commonwealth *v.* Marvrellis.

---

COMMONWEALTH *vs.* JAMES MARVRELLIS.

Suffolk.    January 14, 1975. — April 4, 1975.

Present: ROSE, KEVILLE, & GRANT, JJ.

*Practice, Criminal,* Security measures, Fair trial, Mistrial.

There was no error in denying a motion by a criminal defendant for a mistrial based on the ground that some members of the jury had observed the defendant in shackles as he passed through a corridor in the courthouse where the encounter was accidental and isolated, where the defendant made no request that the jury be polled or that curative instructions be given immediately, and where the judge after a trial lasting only one day, gave curative instructions in his charge. [167]

INDICTMENT found and returned in the Superior Court on February 6, 1974.

The case was tried before *Taviera,* J.

*Robert S. Potters* for the defendant.

*Robert J. McKenna, Jr.,* Assistant District Attorney, for the Commonwealth.

Rose, J.    This is an appeal pursuant to G. L. c. 278, §§ 33A-33G, from a judgment of the Superior Court after a trial by jury convicting the defendant of assault with intent to rape. The only question the defendant brings before us is whether he was deprived of a fair trial before an impartial jury because, following the empaneling of the jury on the afternoon before evidence was heard, a number of members of the jury pool, some of whom were on the empaneled jury, observed the defendant in shackles as he passed through a corridor in the courthouse.

The encounter was brought to the attention of the judge who sought the suggestions of counsel on appropriate curative action. The judge's offer to empanel a new jury was rejected by defense counsel for the reason that other members of the jury pool had also witnessed the defendant in shackles. The defendant moved for a mistrial. The judge denied the motion but stated his intention to instruct the jury during the charge in order to dispel any possible prejudice resulting from the incident.

The trial was completed in a single day and the judge instructed the jury as part of his charge that "if by any chance during the course of this proceeding you have seen this defendant in custody of officers, or in some way held under any security by cuffs or anything of that nature, these are not matters for the consideration of the jury." In relation to this statement the judge emphasized the presumption of innocence which attaches to any criminal defendant.

While observation of the defendant in shackles can provide a source of prejudice and should be avoided whenever possible, such observation is not necessarily prejudicial error requiring a new trial. See *Commonwealth* v. *Brown,* 364 Mass. 471, 475 (1973); *Commonwealth* v. *Ferguson,* 365 Mass. 1, 12-13 (1974); *Commonwealth* v. *Dupont,* 2 Mass. App Ct. 566, 571-573 (1974); *McCoy* v. *Wainwright,* 396 F. 2d 818 (5th Cir. 1968); *O'Shea* v. *United States,* 400 F. 2d 78 (1st Cir. 1968), cert. den. 393 U. S. 1069 (1969); *United States* v. *Larkin,* 417 F. 2d 617 (1st Cir. 1969), cert. den. 397 U. S. 1027 (1970); *United States*

v. *Leach,* 429 F. 2d 956, 962 (8th Cir. 1970), cert. den. 402 U.S. 986 (1971); *United States* v. *Figueroa-Espinoza,* 454 F. 2d 590, 591 (9th Cir. 1972); *State* v. *Roberts,* 86 N. J. Super. 159 (1965); A.B.A. Advisory Committee on the Criminal Trial, Standards Relating to Trial by Jury (Approved Draft 1968), Standard 4.1 (c) and comments, pp. 92, 93-97. The effects of the encounter may be treated by the court, for example, by questioning the jury to discover the presence of actual bias, by giving sound curative instructions, or by both. See *Commonwealth* v. *Brown, supra,* at 476-480; *O'Shea* v. *United States, supra; Larkin* v. *United States, supra; United States* v. *Acosta-Garcia,* 448 F. 2d 395 (9th Cir. 1971); *State* v. *Sawyer,* 60 Wash. 2d 83, 85-86 (1962), cert. den. 372 U. S. 919 (1963). A.B.A. Standards, *supra,* at 97. Cf. *Commonwealth* v. *Crehan,* 345 Mass. 609 (1963). But see *Commonwealth* v. *Ferguson, supra; Commonwealth* v. *Dupont, supra.*

In the circumstances of this case, where the encounter was accidental and isolated, where the defendant, despite the invitation by the judge for suggestions, made no request that the jury be polled or that curative instructions be given immediately, and where the interval between the incident and the instructions was as brief as the one here, contrast *Commonwealth* v. *Crehan, supra,* at 614, the trial judge did not abuse his discretion in treating the possible prejudicial effects of the encounter by means of sound instructions incorporated into his charge. Furthermore, the defendant himself supplied a reason for use of handcuffs when he admitted in court that he had fought with police officers at the time of his arrest. See *Commonwealth* v. *Brown, supra,* at 476-477; *Commonwealth* v. *Stewart,* 365 Mass. 99, 108-109 (1974); *O'Shea* v. *United States, supra,* at 80; *United States* v. *Sperling,* 362 F. Supp. 909, 913 (S.D.N.Y. 1963).

*Judgment affirmed.*