UNITED STATES of America,
Plaintiff-Appellee,

v.

Rachel MUNOZ, Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Laura Theresa ORTIZ,
Defendant-Appellant.

Nos. 78–3230, 78–3231.

United States Court of Appeals,
Ninth Circuit.

May 29, 1979.

Marvin J. Mizeur, Mizeur & Leeger, Elizabeth Meyer (argued), San Diego, Cal., for defendant-appellant.

Barbara F. Brown, Asst. U.S. Atty. (on the brief), Michael H. Walsh, U.S. Atty., Barbara F. Brown, Asst. U.S. Atty. (argued), San Diego, Cal., for plaintiff-appellee.

Before KENNEDY and ANDERSON, Circuit Judges, and HALL,* District Judge.

KENNEDY, Circuit Judge.

The facts relied upon to support the stop of the Ortiz vehicle do not, in our view, constitute grounds for a reasonable suspicion of criminal activity. It is an innocuous circumstance that two vehicles are traveling in tandem on a hot summer day, one with a child in the front between two adults in bucket seats. That the drivers appear to be of Mexican or Latin extraction is a factor of slight importance. The failure of the occupants to look at the agents adds little to the case in light of the questionable value of the factor generally, see United States v. Mallides, 473 F.2d 859, 861 (9th Cir. 1973), the reliance in other cases on the fact that the suspect did look at the agent, see United States v. Pulido-Santoyo, 580 F.2d 352, 354 (9th Cir. 1978), cert. denied, 439 U.S. 915, 99 S.Ct. 289, 58 L.Ed.2d 263 (1978), and the testimony of the agent that he considered it suspicious that Ortiz did watch him in the rear view mirror.

Once the Ortiz vehicle was stopped, illegal aliens were immediately observed and the Munoz vehicle was stopped thereafter. Munoz has no standing to challenge the stopping of the Ortiz vehicle. Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). Once the Ortiz vehicle was stopped and the aliens sighted, there was clearly suspicion to stop the Munoz vehicle, given the fair inference that they were traveling in tandem.

The conviction of Laura Ortiz is REVERSED; the conviction of Rachel Munoz is AFFIRMED.

J. BLAINE ANDERSON, concurring and dissenting:

I concur in the reversal as to Ortiz and respectfully dissent from the affirmance as

to Munoz. If Ortiz is entitled to a reversal, and she is, Munoz is also entitled to reversal on this record.

We hold that no reasonable suspicion of criminal activity existed as to either defendant up to the time that the Ortiz vehicle was stopped. Just prior to this stop, Officers Roy and Camacho had pulled in between the two automobiles and followed the Ford being driven by Munoz for four to five minutes. The officers observed only lawful activity. Nothing of a suspicious nature was noted. No unlawful speed, no overloading, no furtive movements or glances and no efforts at evasion then, or a brief time later, when the Ford was stopped after finding the aliens in the Ortiz vehicle.

The finding of aliens in Ortiz's Pontiac furnishes no inference that the Munoz vehicle was also loaded with aliens in the absence of some reasonably suspicious articulable fact to connect Ortiz and Munoz together in common purpose or relationship and there was none. Mere driving in close proximity to another vehicle, both of which are without suspicion, cannot be a predicate for such an inference.

I would reverse as to Munoz.

PEIRSON M. HALL, District Judge, concurring and dissenting:

I concur in the affirmance as to Munoz and respectfully dissent from the reversal as to Ortiz. However, I disagree with the reasoning of both Judge Kennedy's and Judge Anderson's opinions.

While two vehicles driven in tandem on a hot summer day, one with a child between two bucket seats in the front, may be an "innocuous circumstance" in certain areas of the United States, that is not the test. I do not believe that this court should substitute its judgment for that of the trial court which found as a matter of fact under all of the circumstances and in the place where the vehicles were stopped that the Border

---

* Honorable Peirson M. Hall, United States District Judge for the Central District of California, sitting by designation.

Patrol agents were justified in having a reasonable suspicion that the appellants, Ortiz and Munoz, were hauling aliens who had been brought illegally into the United States.

Whether or not the search and seizure is proper must be considered in light of all of the circumstances in each particular case. One set of circumstances occurring in Iowa may be innocuous enough, but the same set of circumstances occurring in another area may be grounds for having a suspicion of the commission of an illegal act sufficient to stop a vehicle.

For instance, if a person in a very busy garment district of Los Angeles is seen coming out of a place, making fur coats, loaded down with his arms full of fur coats and enter a van, it is doubtful if anyone would be justified in determining that to be a suspicious circumstance sufficient to warrant an officer to stop and inspect the vehicle to determine if the fur coats were stolen. But, assume the identical individual leaves a home in a suburban area which has been plagued with fur thefts and he enters that identical vehicle, then under such circumstances at that place, a law officer would be derelict in his duty if he did not consider those facts sufficient to cause him to have a reasonable suspicion of criminal activity and to stop and inspect the vehicle. So here, within a few miles of the border where literally hundreds of thousands of illegal aliens cross the border each year, and where within a few miles' radius of the port of entry *325,000 illegal aliens were apprehended* in the year 1978, the circumstances are such that the agents were justified in their conduct. To appear to be innocent is the great desire of the illegal smuggler of aliens who profits immensely from the fear of each successfully smuggled alien. The appearance of innocence can sometimes be so studied as to be itself sufficient for a well-founded suspicion. In this case, the ruse was obvious, and the practice should not be commended to the smugglers by a reversal.

I would affirm as to both Munoz and Ortiz.