COMMONWEALTH *vs.* PATRICK S. RAHILLY. January 27, 1982. The defendant has appealed from his convictions on a mixed bag of indictments framed under G. L. c. 90, § 24(2)(a), G. L. c. 265, §§ 15 and 17, and G. L. c. 269, § 10(a) and (c). On the only remaining indictment under

§ 15 he was found guilty of assault with intent to kill. On the evidence, all the offences were committed during a bank robbery or during an ensuing chase by the police which terminated when the defendant was captured at gunpoint and marked money from the bank was found in the waistband and a pocket of his trousers. 1. The pre-indictment publicity afforded by the news media was not a ground for dismissal of the indictments. *Commonwealth* v. *Geagan,* 339 Mass. 487, 492-493, 498-499, cert. denied, 361 U.S. 895 (1959). *Commonwealth* v. *Lewis,* 12 Mass. App. Ct. 562, 564 (1981), and cases cited. 2. There was no abuse of discretion or other error in the denial of the defendant's motion in the alternative for a continuance or for a change of venue by reason of the pretrial publicity in the news media. None of that publicity was made part of the record, but it is clear from the judge's remarks concerning the same that, except for a single recent report as to the anticipated time of trial, all the publicity antedated the trial by more than seven months. The judge outlined in laymen's terms the general nature of all the charges and the anticipated proof in support thereof for the benefit of the venire as a whole before proceeding to conduct an individual voir dire of each prospective juror. It is clear from that process (which takes up a greater portion of the trial transcript than does the testimony) that no juror was seated who had any specific recollection of any news report which might have implicated the defendant in the robbery or in any of the ensuing events. The argument to the contrary is predicated on trial counsel's distortion of the answers the individual veniremen gave to some of the judge's questions. See generally *Commonwealth* v. *Smith,* 357 Mass. 168, 171-173 (1970); *Commonwealth* v. *Scott,* 360 Mass. 695, 696-697 (1971); *Commonwealth* v. *Vitello,* 367 Mass. 224, 236-238 (1975); *Commonwealth* v. *Gilday,* 367 Mass. 474, 491-492 (1975). We note that the prosecutor yielded two of his remaining peremptory challenges to the defendant after he had exhausted his own challenges. 3. All the contentions with respect to the in-court identifications of the defendant by the witnesses Kubicki and Hughes are answered by such cases as *Commonwealth* v. *Jones,* 375 Mass. 349, 355-356, 358-359 (1978), *Commonwealth* v. *Napolitano,* 378 Mass. 599, 603-604 (1979), and *Commonwealth* v. *Cincotta,* 379 Mass. 391, 393, 394-395 (1979). We note (as indicated in part 4 hereof) that it was the defendant, not the prosecutor, who brought out at trial the circumstances and details of the identifications which had been made when the case was called for the probable cause hearing. 4. As soon as it was discovered that there was a possibility that some of the first thirteen jurors who had been sworn might have seen the defendant in shackles outside the courtroom with the word "Walpole" stamped on his outer garb, his counsel moved orally and in the alternative (a) to poll the jurors, (b) for a mistrial or (c) for instructions to the jury that "their decision in this case is to be made only based on facts as elicited from the witness stand, as well as the exhibits introduced into [*sic*] evidence, and not on any extra matters

which they may have come in contact with." The incident did not appear to have been other than momentary or accidental; there was nothing to suggest that the defendant had been required to wear the garb in question or that no other was available; and the jury were to learn shortly that two of the indictments were for assaults on police officers with intent to murder them (see and compare *Commonwealth* v. *Brown*, 364 Mass. 471, 476-477 [1973]). The judge chose to pursue alternative (c). He gave the substance of the requested instructions as soon as the jury returned from their view; he told them, when the defendant brought out the facts with respect to his having been seen in handcuffs by the witnesses Kubicki and Hughes at the probable cause hearing, that the facts of arrest, custody and handcuffs were not evidence of the defendant's guilt of the crimes for which he was on trial and that no inference adverse to him should be drawn from those facts; and in his charge the judge specifically instructed that "[a]ny information which may have come to you directly or indirectly outside the court room is not evidence" and that "[t]he fact that he is . . . arrested, here for trial is not the least evidence of his guilt, shall not put him in any unfavorable light before you." There was no abuse of discretion or other error in the judge's treatment of the problem. *Commonwealth* v. *Brown*, 364 Mass. at 477. *Commonwealth* v. *MacDonald* (*No. 2*), 368 Mass. 403, 409-410 (1975). *Commonwealth* v. *Marvrellis*, 3 Mass. App. Ct. 165, 166-167 (1975), and cases cited. 5. The defendant testified at the pretrial hearing on his motion to suppress certain statements he had made to the police that he had been under the influence of alcohol and a drug when the various offences had been committed and that he had been under the influence of the same drug on the afternoon of the day of the probable cause hearing. Although it is obvious that the reason for the denial of that motion was the judge's refusal to believe any of the defendant's testimony (which was at odds with a pharmacy record as to when a prescription for the drug had been filled), the presence of that testimony in the record has prompted appellate counsel to advance two contentions not raised below. (a). The first is that the judge, acting sua sponte, should have investigated and determined the defendant's competence to stand trial. There was no evidence, or even any suggestion, that the defendant had taken alcohol or any drug during the seven-month period which intervened between the day of the probable cause hearing and the commencement of the trial. In the circumstances, there was "[no] substantial question of possible doubt" as to the defendant's competence to stand trial. *Commonwealth* v. *Vailes*, 360 Mass. 522, 524 (1971). Contrast *Commonwealth* v. *Hill*, 375 Mass. 50, 54-59 (1978); *Commonwealth* v. *Rise*, 7 Mass. App. Ct. 106, 107-108 (1979). (b). The second contention is that the defendant was deprived of the effective assistance of counsel because trial counsel made no use at trial of the evidence which the defendant had put before the judge. This contention is frivolous. Voluntary intoxication from alcohol or drugs, without more,

does not provide a basis for a claim that a defendant should be found not guilty by reason of insanity or for a claim that he lacked the specific intent necessary to the commission of any of the offences of which this defendant was ultimately convicted. *Commonwealth* v. *McGrath,* 358 Mass. 314, 320 (1970). *Commonwealth* v. *Sheehan,* 376 Mass. 765, 767-769, 772-775 (1978). See also *Osborne* v. *Commonwealth,* 378 Mass. 104, 111-113 (1979); *Commonwealth* v. *Goldman,* 12 Mass. App. Ct. 699, 705-706 (1981). We note that the defendant could not have taken the stand at trial to repeat the testimony he had given before the judge without running the substantial risks of being badly impeached by his extensive criminal record and of the jury's learning why he was a denizen of M.C.I., Walpole. 6. Counsel assigned or appointed to represent the defendant on appeal in a case such as the present would do well to heed the teaching of *Commonwealth* v. *Moffett,* 383 Mass. 201, 206-208 (1981). As to appointed counsel, see *Edgerly* v. *Commonwealth,* 379 Mass. 183 (1979).

*Judgments affirmed.*

*Bernard Grossberg* for the defendant.
*Paul M. Vrabel,* Assistant District Attorney, for the Commonwealth.