COMMONWEALTH *vs.* PATRICK S. RAHILLY. February 16, 1983. The defendant appealed to the Appeals Court from convictions on two indictments for armed robbery while masked, two indictments for possession of a dangerous weapon, one indictment for possession of a sawed-off shotgun, one indictment for assault with intent to kill, and one indictment for unauthorized use of a motor vehicle. The Appeals Court affirmed the judgments of conviction. *Commonwealth* v. *Rahilly,* 13 Mass. App. Ct. 917 (1982). In the closing paragraph of its opinion, the court suggested that "[c]ounsel assigned or appointed to represent the defendant on appeal in a case such as the present would do well to heed the teaching of *Commonwealth* v. *Moffett,* 383 Mass. 201, 206-208 (1981). As to appointed counsel, see *Edgerly* v. *Commonwealth,* 379 Mass. 183 (1979)." *Rahilly, supra* at 920. We granted further appellate review to consider the applicability of *Commonwealth* v. *Moffett, supra,* to the instant case.

*Commonwealth* v. *Moffett, supra,* established guidelines to implement the constitutional principle of *Anders* v. *California,* 386 U.S. 738 (1967), concerning the duties of appointed counsel asked to pursue an appeal which he or she believes is without merit. We concluded that "appointed counsel should not be permitted to withdraw solely on the ground that the appeal is frivolous or otherwise lacking in merit." *Moffett, supra* at 207. If the client insists on pursuing a claim, "we think it preferable that counsel present the contention succinctly in the brief in a way that will do the least harm to the defendant's cause. . . . If appointed counsel, on grounds of professional ethics deems it absolutely necessary to dissociate himself or herself from purportedly frivolous points, counsel may so state in a preface to the brief. . . . If such a preface is included, counsel must send a copy of the brief to the defendant, direct his attention to the preface, and inform him that he may present additional arguments to the appellate court within thirty days. Counsel should certify to the court that the defendant has been so notified. Counsel must refrain thereafter from arguing against his client, both in the brief and at oral argument." (Citations omitted). *Id.* at 208-209.

---

*Commonwealth* v. *Moffett, supra,* and *Anders* v. *California, supra,* responded to the conflict experienced by appointed counsel when his or her client insists on bringing an appeal which counsel believes to be without merit. A court should not rely on *Commonwealth* v. *Moffett, supra,* to cut off written or oral appellate arguments which it, rather than appointed counsel, believes to be frivolous. Counsel for the defendant in the instant case apparently sincerely believed, based on his review of the case, that the issues raised on the defendant's behalf were meritorious. The guidelines outlined in *Commonwealth* v. *Moffett, supra,* were therefore inapplicable. Nothing that we say here is intended to otherwise limit the appellate court's broad powers to determine the procedures, including the permitted length, of briefs and oral arguments.

We have considered the merits of the defendant's appeal. We agree with the analysis of the Appeals Court rejecting the defendant's claims.

*Judgments of the Superior Court*
*affirmed.*

*Bernard Grossberg* for the defendant.

*Paul M. Vrabel,* Assistant District Attorney, for the Commonwealth.