949 F.2d 400
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard L. RADLEY, aka: Ricky Larue Radley; aka: Ricky
Lareau Radley (true name), Defendant-Appellant.
 Nos. 90-50259, 90-50383.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 16, 1991.*
Decided Dec. 4, 1991.
 
 1
 Before WALLACE, Chief Judge, GOODWIN, Circuit Judge, and TANNER,** District Judge.
 
 MEMORANDUM
 
 2
 Radley and Hardin appeal from their convictions for possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 3
 Radley contends that the district court improperly denied his motion to sever because the defenses presented by Radley and Hardin were mutually exclusive. A district court's decision to deny a motion to sever is reviewed for an abuse of discretion. United States v. Unruh, 855 F.2d 1363, 1374 (9th Cir.1987), cert. denied, 488 U.S. 974 (1988). Severance is mandated when the defenses presented by the two defendants "are antagonistic to the point of being mutually exclusive" and the "acceptance of one party's defense will preclude the acquittal of the other party." United States v. Ramirez, 710 F.2d 535, 546 (9th Cir.1983) (internal quotations omitted). However, the defenses in this case clearly conflict only as to Radley's presence. The government must still establish knowledge and the other elements of the crime in order to obtain a conviction. Therefore, the district court did not abuse its discretion.
 
 
 4
 Radley also contends that the district court erred by excluding the testimony of some of his alibi witnesses because their testimony would be cumulative. However, we will not address this issue because at the time of the district court's ruling, Radley made no offer of proof as to how this additional testimony might differ from the testimony previously heard. See Fed.R.Evid. 103(a).
 
 
 5
 We also disagree with Radley's contention that the district court improperly admitted the identification testimony of the detectives because their testimony was based on an out-of-court identification. The detectives were trained professionals and there was evidence that their identification testimony was reliable. Under the circumstances of this case, reversal is not warranted. See United States v. Dring, 930 F.2d 687, 692-93 (9th Cir.1991).
 
 
 6
 Radley further contends that the district court erred in permitting Hardin to cross-examine Radley's witnesses concerning their knowledge of Radley's prior convictions. However, the trial judge did not allow questioning about the nature of the prior offenses or even the identity of the crimes involved. The trial judge also gave cautionary instructions. Therefore, even if we assume that the district court improperly allowed inquiry into Radley's prior convictions, reversal is not warranted because Radley suffered no prejudice. See United States v. Brown, 880 F.2d 1012, 1016 (9th Cir.1989).
 
 
 7
 We also disagree with Radley's contention that we must reverse because the district judge commented to the jury about a fight between the codefendants. "A federal judge has broad discretion in supervising trials, and his or her behavior during trial justifies reversal only if it abuses that discretion." United States v. Laurins, 857 F.2d 529, 537 (9th Cir.1988), cert. denied, 492 U.S. 906 (1989). Given that neither party objected to the district judge's comments and the district judge's broad discretion, the comments made by the district judge are not an abuse of discretion.
 
 
 8
 Radley also contends that his right to a fair trial was prejudiced because the jurors were made aware that he had been handcuffed and the district judge made certain comments concerning the marshals' right to handcuff a defendant. "Whether a defendant's right to a fair trial is violated because members of the jury observe him in handcuffs is a question of law that is reviewed independently without deference to the district court's determination of this issue." United States v. Halliburton, 870 F.2d 557, 558 (9th Cir.), cert. denied, 492 U.S. 910 (1989). In order to minimize any prejudice from the alleged viewing, the district judge polled the jury to determine if the alleged viewing of the defendant in handcuffs affected any of the jurors. The district judge also gave the jury a cautionary instruction. Moreover, the defendant failed to object to the district judge's comment concerning the right to handcuff when the comment was made. Under the circumstances of this case, reversal is not warranted. See United States v. Acosta-Garcia, 448 F.2d 395, 396 (9th Cir.1971).
 
 
 9
 Radley also argues that the jury was affected by the trial judge's rebuke of defense counsel. However, the jury was instructed that the district judge's rebuke of an attorney may not to be weighed against the client. There is no justification for reversal.
 
 
 10
 Radley finally contends that the cumulative effect of the alleged errors is that Radley was denied his right to a fair trial. This argument is also without merit.
 
 
 11
 Hardin claims that the district court's finding that Hardin consented to the warrantless search of the package was clearly erroneous. "We review the district court's findings of facts and determinations of credibility for clear error." United States v. George, 883 F.2d 1407, 1411 (9th Cir.1989). Two detectives testified that Hardin consented to the search. Moreover, at Hardin's second trial, Hardin arguably admitted that he consented to the search. The district court, therefore, did not commit clear error by finding that Hardin consented to the search. Also, the district court's finding that the search was within the scope of Hardin's consent was also not clearly erroneous. See Florida v. Jimeno, 111 S.Ct. 1801, 1804 (1991). We do not need to reach the issues concerning standing and the consent of Federal Express because we accept the district court's finding that Hardin consented to the search.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Jack E. Tanner, United States District Judge, Western District of Washington, sitting by designation