9 F.3d 1555
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rafael VARGAS-CALVA, Defendant-Appellant.
 No. 91-10466.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1993.*
Decided Nov. 8, 1993.
 
 Before: SCHROEDER, D.W. NELSON and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rafael Vargas-Calva appeals his conviction, following a conditional guilty plea, for possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1). Vargas-Calva contends the district court erred by denying his motion to suppress evidence because Border Patrol Agent Brown lacked reasonable suspicion to stop the automobile Vargas-Calva was driving. We have jurisdiction under 28 U.S.C. § 1291. We reverse.
 
 
 3
 We review de novo whether founded suspicion existed for an investigatory stop of a vehicle. United States v. Hernandez-Alvarado, 891 F.2d 1414, 1416 (9th Cir.1989).
 
 
 4
 The Fourth Amendment prohibits an officer from stopping a vehicle without a reasonable or founded suspicion of criminal conduct at the time of the stop. United States v. Rodriguez, 976 F.2d 592, 594 (9th Cir.1992), as amended by 997 F.2d 1306 (1993); United States v. Salinas, 940 F.2d 392, 394 (9th Cir.1991). Founded suspicion exists when an officer is aware of specific, articulable facts which, together with objective and reasonable inferences, form a basis for suspecting that the particular person to be detained has committed or is about to commit a crime. Salinas, 940 F.2d at 394; Hernandez-Alvarado, 891 F.2d 1414, 1416. The facts are to be interpreted in light of a trained officer's experience, United States v. Cortez, 449 U.S. 411, 418 (1981), and the whole picture must be taken into account, United States v. Sokolow, 490 U.S. 1, 8 (1989).
 
 
 5
 Here, Agent Brown testified to the following facts at the suppression hearing. On the afternoon of January 30, 1991, Brown and his partner, Agent Stokes, were conducting traffic surveillance on Interstate 10, east of Tucson, Arizona. Their marked Border Patrol vehicle was stationed in the median of the highway, along with another marked Border Patrol vehicle with two other agents. Both vehicles were small, high-speed Camaros that attracted passing motorists' attention because that type of automobile is not commonly seen as a police vehicle.
 
 
 6
 At 3:30 p.m., Brown saw a mini-van with two young Hispanic men in it traveling west, towards Tucson. Directly behind the mini-van was a Mustang also driven by an Hispanic male. The vehicles were traveling about three car lengths apart at a little under the posted speed limit of 65 miles per hour. The occupants of both vehicles did not look at the Border Patrol agents as they drove by. It appeared to Agent Brown that the two cars were travelling in tandem. The agents followed them. Brown and Stokes pulled up beside the Mustang and Stokes waved to the driver, Vargas-Calva, who continued to look straight ahead. The agents then dropped behind the Mustang. As they followed it, they noted that the driver was watching them in his rear view mirror, and that, as a result, the Mustang began to weave in its lane. Vargas-Calva continued to drive at a steady pace a little under the speed limit. The mini-van, meanwhile, accelerated and headed for the J-Six ranch exit nearby. Brown suspected that the driver of the mini-van was probably trying to divert the agents' attention from the Mustang. He stopped the Mustang and inspected Vargas-Calva's immigration documents, which were in order. Vargas-Calva consented to a search of the car, and marijuana was found under the hood.
 
 
 7
 Brown and Stokes stopped Vargas-Calva based on the following facts: (1) Interstate 10 is a route used for alien and narcotics smuggling; (2) the occupants of the mini-van and the Mustang appeared to be Hispanic males; (3) in contrast to other passing motorists, the occupants of those two vehicles did not look at the Border Patrol's Camaros parked in the median of the highway; (4) the two vehicles appeared to be travelling in tandem and, when the agents began to follow the two cars, the mini-van speeded up and exited the highway; (5) in Agent Brown's experience, smugglers often use a "scout" vehicle to attempt to draw the agents away from a "load" vehicle that is carrying contraband; (6) Vargas-Calva did not look at the agents when they pulled up alongside the vehicle he was driving and tried to get his attention; (7) when he saw that he was being followed by Border Patrol agents, Vargas-Calva watched the agents in his rear-view mirror and appeared nervous.
 
 
 8
 The "whole picture" does not provide sufficient articulable facts to support a finding of founded suspicion. See Rodriguez, 976 F.2d at 595; Hernandez-Alvarado, 891 F.2d at 1417-18. The factors cited by agent Brown, taken together, do not support a legitimate inference that Vargas-Calva was engaged in criminal activity. Border Patrol agents may consider the Hispanic appearance of a motorist and the level of smuggling activity in the area, but these factors alone do not justify an investigatory stop. United States v. Brignoni-Price, 422 U.S. 873, 884-87 (1975); see also Nicacio v. United States I.N.S., 797 F.2d 700, 704 (9th Cir.1986) (Hispanic appearance insufficient basis for stopping vehicles to search for illegal aliens, unless combined with more probative factors). The fact that Vargas-Calva avoided eye contact with the Border Patrol agents when he passed them and appeared nervous when they drove up alongside him is of little probative value. See Rodriguez, 976 F.2d at 594, 596 (no founded suspicion where defendant failed to acknowledge the agents as he passed their marked car while all other passing motorists acknowledged agents' presence); Hernandez-Alvarado, 891 F.2d at 1419 (fact that occupants of vehicle stared straight ahead when car carrying DEA agents approached and defendant's alleged nervousness, added to other factors, insufficient to create reasonable suspicion); United States v. Monoz, 604 F.2d 1160, 1161 (9th Cir.1979) (no reasonable suspicion where two Mexican-American appearing drivers were driving in tandem and the occupants of each vehicle did not look at nearby agents; "[t]he failure of the occupants to look at agents adds little ... in light of the questionable value of the factor generally...."); see also Salinas, 940 F.2d at 394 (driver of Mexican ancestry who glances at a border patrol car does not thereby become a suspicious character). Similarly, the fact that Vargas-Calva looked in his rear view mirror at the agents who were following him is no more suspicious than his earlier avoidance of eye contact. See Rodriguez, 976 F.2d at 696 (no founded suspicion where border patrol agents "saw a Hispanic man cautiously and attentively driving a 16-year old Ford with a worn suspension, who glanced in his rear view mirror while being followed by agents in a marked Border Patrol car"); Hernandez-Alvarado, 891 F.2d at 1418 (no founded suspicion where defendant and passengers "sat in the vehicle silently staring ahead when the car carrying DEA agents approached" and defendant appeared nervous).
 
 
 9
 The only factor cited by Agent Brown that is of significant probative value is that Vargas-Calva appeared to be travelling in tandem with another vehicle, which left the highway when the agents began following the two cars. The fact that vehicles are travelling in tandem may support a finding of reasonable suspicion, but only in combination with other probative factors. See United States v. Larios-Montes, 500 F.2d 941, 943 (9th Cir.1974) (standing alone, fact that two cars appear to be driving in tandem is insufficient to justify a stop), cert. denied, 422 U.S. 1057 (1975).
 
 
 10
 Here, the agents' impression that the two vehicles in question were driving in tandem and that the mini-van was the "scout" vehicle is the only probative factor. Cf. id. at 943-44 (stop was justified where, on a deserted road at night, first car to appear on road in forty minutes was followed closely by a second car, heavily loaded, and carrying passengers in the back seat who appeared to be trying to hide); United States v. Figueroa-Espinoza, 454 F.2d 590, 591 (9th Cir.1972) (founded suspicion where agent had information that a large load of marijuana was going to be smuggled on the evening in question, he recognized the "scout" vehicle as having been involved in an earlier attempt, and the "load" vehicle appeared heavily loaded); United States v. Hernandez-Gonzalez, 608 F.2d 1240, 1243 (9th Cir.1979) (founded suspicion where two cars seen driving in tandem on road frequently used to bypass immigration checkpoint, one car appeared heavily loaded, and cars separated on sight of the patrol car). Further, the record does not establish that the two vehicles were, in fact, driving in tandem. The record indicates that Vargas-Calva was driving westbound on a well-travelled road to Tucson, at a steady speed that was a little under the speed limit, in a car with Tucson license plates that was otherwise unremarkable. The agents did not see Vargas-Calva commit any traffic violations. They had no information linking either the car Vargas-Calva was driving or the mini-van to criminal activity. Although under certain circumstances, conduct that could be innocent may become suspicious, see Sokolow, 490 U.S. at 9, here, the facts, taken together along with inferences reasonably drawn from them, were insufficient to support a founded suspicion that Vargas-Calva had committed or was about to commit a crime. See Rodriguez, 976 F.2d at 595-96; Hernandez-Alvarado, 891 F.2d at 1419. Accordingly, the district court's judgment is
 
 
 11
 REVERSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3