UNITED STATES of America, Plaintiff—Appellee,

v.

Eduardo RUELAS–LOPEZ, Defendant—Appellant.

No. 05–50740.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2007.*

Filed Feb. 16, 2007.

Joseph S. Green, San Diego, CA, for Plaintiff–Appellee.

Michael L. Crowley, Esq., Attorney at Law, San Diego, CA, for Defendant–Appellant.

Before: PREGERSON, W. FLETCHER, and BERZON, Circuit Judges.

MEMORANDUM **

Defendant–Appellant Eduardo Ruelas–Lopez ("Ruelas–Lopez") challenges the district court's denial of his motion to suppress evidence seized from his vehicle, arguing that the Border Patrol agent did not have "reasonable suspicion" to support the investigatory stop that led to the seizure. We review the district court's finding of reasonable suspicion de novo. *United*

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

States v. Arvizu, 534 U.S. 266, 275, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002). The court's factual findings are upheld unless they are clearly erroneous. *United States v. Camacho*, 368 F.3d 1182, 1183 (9th Cir. 2004).

Ruelas–Lopez is correct that the second stop of his vehicle within a short period of time after being released from the first stop by Border Patrol Agent Andrew Mayer ("Mayer") must be supported by "reasonable suspicion" independent of any suspicion that was dispelled as a result of the first stop. Here, all of the factors taken together "sufficed to form a particularized and objective basis" for the second stop of Ruelas–Lopez's vehicle. *Arvizu*, 534 U.S. at 277–78, 122 S.Ct. 744; *United States v. Sigmond–Ballesteros*, 285 F.3d 1117, 1121 (9th Cir.2002). Immediately upon return to his patrol vehicle after the first stop, Mayer learned that the car seen driving in tandem with Ruelas–Lopez's pickup truck on three occasions that day "was stopped and [illegal] aliens [had been] sighted." *United States v. Munoz*, 604 F.2d 1160, 1161 (9th Cir.1979). Therefore, "there was clearly suspicion [for the second] stop [of Ruelas–Lopez's] vehicle." *Id.* As that suspicion arose after the first stop and entirely independently, the circumstances of the first stop do not affect the validity of the second stop.

AFFIRMED.