COMMONWEALTH vs. ERNEST L. VAILES.

Suffolk.    September 13, 1971. — December 2, 1971.

Present: TAURO, C.J., CUTTER, REARDON, BRAUCHER, & HENNESSEY, JJ.

*Practice, Criminal,* Defendant's competency to stand trial, Fair trial, Judicial discretion.    *Constitutional Law,* Due process of law.

At a criminal trial, failure to order an evidentiary hearing on the defendant's mental competency to stand trial, and denial of motions for a mistrial and for committment of the defendant to a State hospital for observation on the ground that he was "out of touch with reality," did not show abuse of the judge's discretion or violation of the defendant's due process rights either under art.12 of the Declaration of Rights of the Constitution of the Commonwealth or under the Sixth and Fourteenth Amendments to the Constitution of the United States, where it appeared that he had been observed by psychiatrists for two periods of thirty-five days each during the six months preceding the trial, that both psychiatric reports concluded that he understood the nature of the charges against him and would be able to assist in his own defence, that he answered responsively when questioned by the judge, and that, although during the selection of the jury the defendant buttoned and unbuttoned his shirt, removed his jacket, and appeared to be falling asleep, he behaved normally during the rest of the trial. [524–525]

INDICTMENT found and returned in the Superior Court on July 10, 1970.

The case was tried before *Brogna, J.*

*Reuben Goodman* for the defendant.

*William A. Doherty,* Assistant District Attorney, for the Commonwealth.

HENNESSEY, J.    At a trial pursuant to G. L. c. 278, §§ 33A–33G, the defendant was found guilty and was sentenced on an indictment charging him with rape.    The argued assignments of error relate solely to the issue of the defendant's mental competence at the time of the trial.

We state only those facts necessary to a determination of that issue.    The defendant was arraigned on April 28, 1970, in the Municipal Court of the Dorchester District and was

committed, pursuant to G. L. c. 123, § 100A, as amended through St. 1957, c. 236, to Bridgewater State Hospital for thirty-five days' observation. Upon his return to that court on May 29, 1970, a medical report was filed stating that he was competent to stand trial. Following his indictment, the defendant was arraigned in the Superior Court on July 15, 1970, where, pursuant to his counsel's request, he was recommitted to Bridgewater State Hospital for thirty-five days' observation. On August 14, 1970, a second medical report was filed which stated that he was competent to stand trial, and the defendant was returned for trial.

The trial began on October 28, 1970. During the selection of the jury, the judge asked the defendant, "Mr. Vailes, are we keeping you awake or anything" to which the defendant responded, "No." From other evidence we infer that the judge's question was occasioned because the defendant was resting his head upon his arm and appeared to be falling asleep. At this same time the defendant was also observed buttoning and unbuttoning his shirt and removing his jacket. After the selection of the jury, counsel conferred with the judge out of the hearing of the jury. Following this colloquy at the bench the judge excused the jury and questioned the defendant as to his competency as described below in this opinion.

At the conclusion of the court's questioning, the defendant's attorney moved for a mistrial and another Bridgewater commitment for the defendant on the ground that the defendant appeared "to be out of touch with reality right now." He also informed the judge that the defendant was "not too communicative" with counsel. The judge denied the motion. Prior to resuming the trial on the second day, the judge denied a request by the defendant's attorney to have the defendant examined by a court psychiatrist. The defendant argues that there were sufficient indications of his incompetency at the time of the trial to require the trial judge to hold a full hearing on the issue and that his failure to do so was constitutional error.

The trial, conviction or sentencing of a person charged with a criminal offence while he is legally incompetent violates his constitutional rights of due process.[1]  *Pate* v. *Robinson,* 383 U. S. 375.  *Bishop* v. *United States,* 350 U. S. 961.  This rule has long been the common law of this Commonwealth.  *Commonwealth* v. *Braley,* 1 Mass. 102. *Commonwealth* v. *Hathaway,* 13 Mass. 298.  The test to be applied in determining the competence of the defendant is "whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational as well as factual understanding of the proceedings against him."  *Dusky* v. *United States,* 362 U. S. 402.  In those situations where there exists doubt as to whether the defendant satisfies this test, the judge must, on his own initiative, conduct a full hearing on the issue.  *Pate* v. *Robinson,* 383 U. S. 375.  This doubt which necessitates a hearing has been more fully described as "a substantial question of possible doubt."  *Rhay* v. *White,* 385 F. 2d 883, 886.

1. There was no error in the denial of the defendant's motion for a mistrial and for a further psychiatric examination of the defendant, nor was there error in the judge's failure to order an evidentiary hearing on the defendant's competency.  In the circumstances of this case, these matters resided in the sound discretion of the judge and it has not been established that he abused that discretion.  The defendant had been observed by psychiatrists for a total period of more than two months during the six months just preceding the trial, and the judge had a right to rely upon the psychiatric report as one of the elements bearing on the issue of the defendant's competence.[2]  *Commonwealth* v. *Devereaux,*

---

[1] In addition to relying on the due process clause of the Fourteenth Amendment to the Constitution of the United States, the defendant also relies on art. 12 of the Declaration of Rights of the Constitution of the Commonwealth and the Sixth Amendment to the Constitution of the United States as applied to the States.

[2] The judge relied in part on a report dated May 29, 1970, which recommended that the defendant be returned for trial since "[h]e is aware of the natue of his charge and its possible consequence and is able to assist his attorney in his own defense."  The report noted that during his observation period the defendant "has been very cooperative and at the present time is in reasonable contact with reality and shows no overt or abnormal mental

257 Mass. 391, 396–397. The most recent psychiatric report was dated August 13, 1970, which was only about two and one-half months before the trial. Additionally, the judge addressed to the defendant, in the absence of the jury, a series of approximately sixteen questions concerned with the defendant's alertness and awareness. Under the discipline of these questions, the defendant answered responsively. The judge had the opportunity to observe the defendant then and during the entire trial. The record does not disclose the slightest evidence of unusual behavior or inattention on the part of the defendant during the remainder of the trial after the questioning was accomplished. No motions or requests were thereafter addressed to the judge concerning the defendant's mental capacity. The judge, after the questioning was completed, made an express finding that the defendant was competent. We have not had the opportunity to observe the defendant, and for us to hold now that the judge was in error would be tantamount to a holding that the defendant shall be permitted to disrupt or delay his trial, on the display of a few mannerisms which are consistent with no more than nervousness, diffidence, boredom or dissembling. Cf. *Roach* v. *Mauldin,* 277 F. Supp. 54, affd. 391 F. 2d 907, cert. den. 393 U. S. 1095.

2. Cases cited by the defence, in support of the argument that an evidentiary hearing was required, are distinguishable from the case before us because of evidence in those cases of the defendant's violent or extremely irrational conduct in the court room, *Pouncey* v. *United States,* 349 F. 2d 699; *Hansford* v. *United States,* 365 F. 2d 920; *Rhay* v. *White,* 385 F. 2d 883, or the defendant's long and emphatic history of mental incompetence. *Pate* v. *Robinson,* 383 U. S. 375. *Bishop* v. *United States,* 350 U. S. 961, revg. 223 F. 2d 582. *Dusky* v. *United States,* 362 U. S. 402, revg. 271 F. 2d 385.

*Judgment affirmed.*

---

content." A second report, dated August 13, 1970, reached substantially the same conclusion on the issue of the defendant's competency to stand trial. This report concluded that "the patient has been very cooperative and he gives a relevant and coherent story and knows the nature of his charge and the consequences. He can assist his attorney in his own defense."