COMMONWEALTH *vs.* LARRY HALL.

Worcester. November 15, 1982. — December 9, 1982.

Present: ARMSTRONG, GREANEY, & SMITH, JJ.

*Practice, Criminal,* Competency to stand trial.

At a criminal trial no "substantial question of possible doubt" as to the defendant's competency to stand trial existed at any time, and thus the judge was not required, on his own initiative, to hold a hearing on that issue. [2-3]

INDICTMENT found and returned in the Superior Court Department on May 7, 1981.

The case was tried before *Donohue, J.*

*Ellen A. Howard* for the defendant.

*Joseph C. McGinn,* Assistant District Attorney, for the Commonwealth.

SMITH, J. The defendant appeals from his conviction by a jury on an indictment that charged him with unarmed robbery. G. L. c. 265, § 19. The defendant's sole contention on appeal is that the judge's failure to hold, on his own motion, a hearing in regard to the defendant's competency to stand trial was error. We affirm the judgment.

When the Commonwealth moved for trial on the indictment, defense counsel requested permission of the judge for

the defendant to address the court because "he has certain requests that he made of me and I am not sure I quite understand what they were." The defendant was granted leave to speak and requested a mental examination. The judge denied the oral motion and read into the record a report of a mental examination of the defendant conducted two weeks prior to the trial which stated unequivocally that the defendant was then competent to stand trial. At this point the defendant made two other rational, if not legally cognizable, requests of the judge. Each request was denied. Defense counsel then stated that it was his belief that the defendant was not competent to stand trial; over objection, the judge nonetheless ordered the trial to proceed.

At trial, the defendant took the witness stand and gave coherent testimony in an effort to explain the means by which certain incriminating pieces of evidence had come to be in his possession after the robbery. During the testimony and at other points in the trial, defense counsel called to the attention of the judge his doubts about the defendant's competency to stand trial. On each such occasion, the judge ruled that, based on his own observations of the defendant's demeanor and conduct during the trial and in light of the record, including the mental examination two weeks before trial, the defendant was competent.

The narrow issue is whether at any time prior to the return of the guilty verdict there was "a substantial question of possible doubt" about the defendant's competency to stand trial. *Commonwealth* v. *Hill,* 375 Mass. 50, 62 (1978), quoting from *Rhay* v. *White,* 385 F.2d 883, 886 (9th Cir. 1967). See also *Commonwealth* v. *Vailes,* 360 Mass. 522, 524 (1971); *Commonwealth* v. *Chubbuck,* 384 Mass. 746, 751 (1981); *Commonwealth* v. *Goldman,* 12 Mass. App. Ct. 699, 708 (1981). When such a question arises, the trial judge must, on his own initiative, conduct a full hearing on the issue. *Pate* v. *Robinson,* 383 U.S. 375, 385 (1966). *Commonwealth* v. *Vailes, supra* at 524. The defendant had been examined by a psychiatrist two weeks prior to trial and found competent. The judge had a right

Commonwealth *v.* Hall.

to rely upon that mental report as an indication that a competency hearing was not required. *Ibid.* At no time did defense counsel indicate that the defendant had a history of mental illness or treatment in mental hospitals. Compare *Commonwealth* v. *Hill,* 375 Mass. at 58. In addition, we give weight both to the trial judge's opportunity to observe the defendant throughout the trial and to his periodic findings during the trial that the defendant was competent. *Commonwealth* v. *Vailes, supra* at 525. *Commonwealth* v. *Goldman, supra.* The record shows that the defendant participated actively in the presentation of his defense. *Id.* at 708-709. We conclude that any inappropriate remarks or disruptive behavior by the defendant could properly have been considered the product of "nervousness, diffidence, boredom or dissembling" (see *Commonwealth* v. *Vailes, supra* at 525) rather than symptomatic of incompetence to stand trial. See *Commonwealth* v. *Tarrant (No. 1),* 14 Mass. App. Ct. 1020, 1021 (1982). The failure to hold a competency hearing was not error.

*Judgment affirmed.*