COMMONWEALTH *vs.* JAMES LAMAN BLACKSTONE.

Suffolk. November 20, 1984. — January 14, 1985.

Present: ARMSTRONG, CUTTER, & DREBEN, JJ.

*Practice, Criminal,* Plea, Defendant's competency.

The test for determining whether a criminal defendant is competent to enter
    a guilty plea is the same as that for competence to stand trial. [210-211]
At a hearing to withdraw a plea of guilty to murder in the second degree which
    had been made against the advice of counsel by a defendant who would
    have had a realistic chance of acquittal by reason of insanity, evidence
    warranted the judge's finding that the defendant had the mental capacity
    needed for an intelligent decision to plead guilty. [211-212]

INDICTMENT found and returned in the Superior Court Department on May 4, 1982.

A motion for leave to withdraw a plea of guilty was heard by *Robert A. Barton,* J.

*Steven J. Rappaport* for the defendant.

*Daniel C. Mullane,* Assistant District Attorney, for the Commonwealth.

ARMSTRONG, J. The defendant, having originally pleaded not guilty to murder in the first degree, was permitted before trial to change his plea to one of guilty of murder in the second degree. Seven months later the defendant filed a motion to withdraw the plea and for a new trial, raising the question of his competence to change the plea. He now appeals from the denial of that motion.

From the record of the admirably thorough proceedings had at the time of the change of plea, we know that the defendant would have had a realistic chance of acquittal by reason of insanity (at least one psychiatrist would have testified that the defendant lacked criminal responsibility) but that he was unwilling to predicate his defense on that theory. He denied being mentally ill despite three psychiatric diagnoses to the contrary,

and was described by a psychiatrist at Bridgewater State Hospital as being "psychotic but . . . is desperately trying to keep expression of psychotic symptomatology under control." The change of plea was contrary to the advice of appointed counsel, who inferably was recommending the insanity defense. In these circumstances, the defendant argues, it was not sufficient for the judge to have found the defendant competent to change his plea to guilty by simply applying the standard for competence to stand trial set out in *Dusky* v. *United States,* 362 U.S. 402 (1960).[1] Rather, he argues, the court should "recognize[ ] that the conclusion that a defendant is competent to stand trial does not necessarily mean that he has the mental capacity needed for an intelligent decision to plead guilty." *United States* v. *Webb,* 433 F.2d 400, 404 n.3 (1st Cir. 1970), cert. denied, 401 U.S. 958 (1971),[2] citing *In re Williams,* 165 F. Supp. 879 (D.D.C.), modified, 259 F.2d 175 (D.C. Cir. 1958), cert. denied, 379 U.S. 982 (1965).

While two Federal jurisdictions seem to require a finding of competence to plead guilty separate and distinct from a finding of competence to stand trial,[3] Massachusetts, like most Federal jurisdictions,[4] has adopted the contrary position. See

---

[1] The "test must be whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding — and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky* v. *United States,* 362 U.S. 402 (1960). See *Commonwealth* v. *Vailes,* 360 Mass. 522, 524 (1971).

[2] The quoted footnote does not appear to represent the current position of the Court of Appeals for the First Circuit in light of cases cited in note 4, *infra.*

[3] *United States* v. *Masthers,* 539 F.2d 721, 725-726 (D.C. Cir. 1976). *Sieling* v. *Eyman,* 478 F.2d 211, 214-215 (9th Cir. 1973). The Ninth Circuit later limited the scope of *Sieling.* See *Makal* v. *Arizona,* 544 F.2d 1030, 1033-1035 (9th Cir. 1976), cert. denied, 430 U.S. 936 (1977); *United States* v. *Moore,* 599 F.2d 310, 313-314 (9th Cir. 1979), cert. denied, 444 U.S. 1024 (1980).

[4] *Allard* v. *Helgemoe,* 572 F.2d 1, 3-5 (1st Cir.), cert. denied, 439 U.S. 858 (1978). *Figueroa-Vazquez* v. *United States,* 718 F.2d 511, 513 (1st Cir. 1983). *Nelson* v. *Callahan,* 721 F.2d 397, 402 (1st Cir. 1983). *United States ex rel. McGough* v. *Hewitt,* 528 F.2d 339, 342 n.2 (3d Cir. 1975). *Malinauskas* v. *United States,* 505 F.2d 649, 654 (5th Cir. 1974). *United States* v. *Harlan,* 480 F.2d 515 (6th Cir.), cert. denied, 414 U.S. 1006

*Commonwealth* v. *Morrow,* 363 Mass. 601, 607 (1973); *Commonwealth* v. *Leate,* 367 Mass. 689, 696 (1975) ("[T]he test of competence to plead is similar to that for standing trial . . . , for defendants at trial face decisions as difficult and complex as those involved in deciding whether to plead guilty . . . . To lay down more exacting requirements in respect to accepting a defendant's plea than in permitting a defendant to stand trial might indeed visit odd and harsh consequences upon him by forcing him to unreasonable risks of going to trial and receiving sterner punishment in the end"); *Commonwealth* v. *Hubbard,* 371 Mass. 160, 170 (1976); *Ciummei* v. *Commonwealth,* 378 Mass. 504, 514-515 (1979); *Commonwealth* v. *Perry,* 389 Mass. 464, 467 (1983).

The courts have been reluctant to recognize the existence of a class of defendants competent to stand trial but incompetent to plead guilty. See *Allard* v. *Helgemoe,* 572 F.2d 1, 4-5 (1st Cir.), cert. denied, 439 U.S. 858 (1978); *Commonwealth* v. *Leate,* 367 Mass. at 696. If we concede the theoretical possibility of such defendants (say, for example, an otherwise normal person with so compulsive a dread of trials that he would plead guilty to any charge to avoid one), nevertheless the present defendant's refusal to admit to his own mental illness and to employ it in his defense is not necessarily a manifestation of the mental illness itself. The world is full of people who do not own up to their limitations, often with remarkable success.

The test for competence to stand trial involves a modicum of "rational understanding," see note 1, *supra,* a concept flexible enough to accommodate analytically a defendant whose refusal to plead not guilty by reason of insanity is indicative of grievous detachment from reality. Obviously, when confronted with a guilty plea by a mentally ill defendant, it is desirable for the trial judge to examine (or reexamine) the

---

(1973). *United States ex rel. Heral* v. *Franzen,* 667 F.2d 633, 638 (7th Cir. 1981). *White Hawk* v. *Solem,* 693 F.2d 825, 829 n.7 (8th Cir. 1982), cert. denied, 460 U.S. 1054 (1983). *Wolf* v. *United States,* 430 F.2d 443 (10th Cir. 1970). The position of the Second Circuit is not certain. See *Suggs* v. *LaVallee,* 570 F.2d 1092, 1118 n.65 (2d Cir.), cert. denied, 439 U.S. 915 (1978).

defendant's competence with particular reference to the extent, if any, of the relationship between the plea and the illness. Here the judge had the benefit of psychiatric evidence of the defendant's competence specifically to change his plea to guilty, see *Commonwealth* v. *Vailes,* 360 Mass. 522, 524 (1971); and when the judge made his finding of competence, it was with express reference to the defendant's competence to change his plea. If there are special cases where the determination of competence to stand trial does not adequately encompass and imply competence to change a plea, this is not such a case.

The result we reach is not inconsistent with our decision in *Commonwealth* v. *Wertheimer, post* 930 (1984), where we reversed the conviction of a mentally ill, pro se defendant found competent to stand trial but not separately found competent to waive assistance of counsel. *Westbrook* v. *Arizona,* 384 U.S. 150 (1966), required that result. If there is an incongruity in the treatment of competence to plead guilty and competence to waive counsel, it is doubtless grounded in a realistic assessment that defendants charged with serious crime are often prudent to plead guilty but are almost invariably foolish to proceed pro se. Where a mentally ill defendant invokes the right to proceed pro se,[5] the trial judge has a special "protecting duty" to question whether his election to proceed without counsel is grounded in an incapacity to choose sensibly. *Westbrook* v. *Arizona, supra.*[6]

---

[5] For cases delineating this right, see *Faretta* v. *California,* 422 U.S. 806 (1975); *Commonwealth* v. *Mott,* 2 Mass. App. Ct. 47 (1974).

[6] The judge has the authority, of course, to reject a guilty plea when in doubt, there being no constitutional right to plead guilty. See Mass.R.Crim. P. 12(a)(2), 378 Mass. 866 (1979); *Commonwealth* v. *Dilone,* 385 Mass. 281, 284-285 (1982); *Commonwealth* v. *Souza,* 390 Mass. 813, 820 (1984). In contrast, a judge confronted with a possibly incompetent waiver of counsel has no correspondingly "safe" option because of the constitutional status accorded a defendant's election to proceed pro se (see note 5, *supra*). In this situation the judge is well advised to make careful findings based on thoughtful inquiry concerning the relationship, if any, between the defendant's mental illness and his waiver of counsel.

Apart from the question of competence the defendant does not argue that the judge failed in his duty to ensure that the guilty plea was informed and intelligent. The judge carefully explored with the defendant the elements of the crime charged and its lesser included offenses, the possible consequences of conviction, the nature and possible consequences of an insanity defense, the waiver of subsidiary rights, the defendant's agreement with the factual accounts of eyewitnesses to the homicide,[7] and his satisfaction with the assistance received from counsel.

It follows that the order denying the motion to withdraw the plea of guilty and for new trial must be affirmed.

*So ordered.*

---

[7] The defendant questioned the presence of one of the two eyewitnesses but did not question the accuracy of the facts to which they would testify. These accounts depict a drawn-out course of stabbings (with a pen knife) and other blows applied to a defenseless person. Even if the jury might have accepted the defendant's story that the episode began in a scuffle, it seems unlikely in the extreme that the jury would not have found malice if they found the defendant responsible at all for his actions. Compare, on the facts, *Finnegan* v. *State,* 33 Md. App. 251 (1976), cert. denied, 433 U.S. 912 (1977).