COMMONWEALTH *vs.* GEORGE W. SHAMBLIN. No. 91-P-404. November 19, 1991. *Homicide. Practice, Criminal,* Competency to stand trial, Instructions to jury, Preservation of evidence, Assistance of counsel.

Because the judge noticed that the defendant was dozing during the empanelment of the jury at his trial on indictments charging him with murder in the first degree and use of a rifle while committing a felony, and as the docket entries did not reflect that the defendant had ever been evaluated pursuant to G. L. c. 123, § 15(*b*), the judge declared a mistrial and ordered that the defendant undergo an evaluation concerning his competency to stand trial. After the evaluation and an evidentiary hearing on that issue, another judge concluded that the defendant was competent. He was found guilty of murder in the second degree and of using a rifle while committing a felony; he raises the following claims on appeal: (1) that the judge erred in finding and concluding that he was competent to stand trial; (2) that the judge's instructions to the jury on his alternative theory of defense, accident or self-defense, were deficient; (3) that the Commonwealth failed to preserve exculpatory and material evidence; and (4) that his trial counsel failed to provide him with effective assistance. Finding no support in the record for these claims, we affirm the judgments.

There was evidence to show that for several months the defendant and the victim, who lived in the defendant's rooming house, had been arguing about the victim's violations of the defendant's rule that women were not allowed on his premises. At about 2:00 P.M., on February 17, 1988, the defendant called the police and informed them that if the victim continued to bring a woman into his house, he was going to shoot him. The police advised the defendant that so long as the victim was paying his rent, the problem was not a matter for the police.

About three hours later, the victim appeared at the defendant's office. The defendant warned the victim that if he did not remove the woman from his room, he would shoot the victim. When the victim argued with the defendant, the defendant took a .30 caliber lever action rifle from behind his desk, worked the action on the gun to put a round in the chamber, and shot the victim in the left upper thigh just to the side of the groin area at point blank range. The victim's femoral artery and femoral vein in the left leg were perforated by the shot, and he bled to death.

claim that the demand letter was not adequate by filing a motion for a directed verdict.

When the first police officer arrived and advised the defendant of his rights, the defendant said, "I shot him. There's the gun." He offered to unload the rifle, but the officer opted to take it from him. At some point another officer arrived on the scene, and the defendant was given his Miranda warnings a second time. The defendant nonetheless explained that he had warned the victim about having women in his room, that he had been subjected to aggravation "all of his life" and that he was not going "to take it anymore." A third officer arrived and before he could say anything to the defendant, the defendant said, "I shot him, I told him I'd blow his . . . off." The officer warned the defendant not to say anything that he would not want repeated in court. The defendant informed the officer that he knew his rights, that the first officer "already gave me my rights."

The police handcuffed the defendant and he protested: "You don't have to do this; I'm not going anyplace, I told you I shot the bastard. So, I'll go with you." When the defendant was later told that the victim had died, he expressed some surprise; he did not think a wound to that part of the anatomy would be fatal.

1. *The defendant's competency.* We see no error in the judge's conclusion that, based upon the evidence elicited at the defendant's competency hearing after his court-ordered evaluation, the Commonwealth had met its burden of proving that the defendant was competent to stand trial. See *Commonwealth* v. *Crowley*, 393 Mass. 393, 400 (1984). The defendant's claim to the contrary is no more than a disagreement with the judge's decision to believe the Commonwealth's expert witness. Nor do we see any error in the judge's failure to regard the defendant's conduct during trial as so strange as to require another competency hearing and determination. Although we think that the defendant could be regarded as uncooperative and perhaps even stubborn, it does not follow that he was, therefore, incompetent. The affidavit filed by his trial counsel attests to the difficulties he experienced in representing the defendant, but other than the defendant's refusal to accept a generous plea bargain, there is no showing as to how the defendant's conduct otherwise hampered defense counsel in his representation. Further, we do not agree with appellate counsel's characterizations of the defendant's testimony. His answers to questions were responsive and lucid, and any refusals to confine himself to the limits of the questions were consistent with his demands to explain his actions. Attempts to distinguish this case from *Commonwealth* v. *DiMinico*, 375 Mass. 676, 678-679 (1978), are based upon differences of opinion with the judge's assessment of the defendant's behavior. *Ibid.* See also *Commonwealth* v. *Vailes*, 360 Mass. 522, 524-525 (1971).

2. *The jury instructions.* During her charge on murder in the first degree, the judge instructed the jury that the Commonwealth bore the burden of proving beyond a reasonable doubt that the victim's death was not the result of an accident. There is no complaint that this instruction was erroneous. Rather, the argument is that in giving the instruction only once

and not repeating it with the instructions on murder in the second degree and on involuntary manslaughter, the judge failed to place the burden of proof "clearly" on the Commonwealth. This argument has been addressed in the past. " '[T]he law does not require repetition of the same thought at each turn.' *Commonwealth* v. *Peters*, 372 Mass. 319, 324 (1977). See also *Commonwealth* v. *Redmond*, 357 Mass. 333, 342 (1970). The judge was under no obligation to repeat [her] charge on self-defense throughout [her] instructions." *Commonwealth* v. *Albert*, 391 Mass. 853, 859 (1984).

3. *The failure to preserve evidence.* Assuming, but not deciding, that the Commonwealth was negligent in not retrieving the victim's trousers (cut from him at the scene by medical personnel in their attempts to stop his bleeding), we fail to see the materiality of the possible presence of gunpowder residue. There was no dispute that the victim was shot at very close range. The issue was whether the defendant shot him deliberately, accidentally, or in self-defense. The same can be said for the Commonwealth's purported failure to test the rifle for the presence of bloodstains. There was evidence from a witness for the Commonwealth that, when the rifle was examined after the shooting, red stains were found on it. Defense counsel did in fact argue to the jury that those stains were blood and that the reason for their presence was that the muzzle was close to the victim when it was accidentally fired. See generally *Commonwealth* v. *Pisa*, 372 Mass. 590, 594-597 (1977); *Commonwealth* v. *Repoza*, 28 Mass. App. Ct. 321, 324-328 (1990). As the defendant's own expert found no latent fingerprints on the rifle and as it has not been made to appear that the absence of any such fingerprints was due to some wrongful act or omission of the Commonwealth, this argument also fails.

4. *Ineffective assistance of counsel.* We treat the three alleged failures of defense counsel seriatim. (a) In arguing that counsel was derelict in failing to secure an independent examination of the defendant on the issue of his criminal responsibility and competency, appellate counsel does not take into account trial counsel's affidavit. He states therein that the defendant "failed to cooperate with a psychiatrist and a neurologist I had secured to evaluate [him] to determine if there was any basis to defend on medical or psychiatric grounds . . . He refused to let me contest the issue of his competency." Appellate counsel offers no suggestion as to what trial counsel should have done in light of the defendant's refusal to agree to an independent examination. (b) There is nothing in the record to show that trial counsel had any basis upon which to bring a motion to suppress the defendant's statements made to the police, both spontaneously and after he had been given his Miranda warnings numerous times. "It is not ineffective assistance of counsel when trial counsel declines to file a motion with a minimal chance of success. See *Commonwealth* v. *Saferian*, 366 Mass. 89, 99 (1974); *Commonwealth* v. *LeBlanc*, 11 Mass. App. Ct. 960, 962-963 (1981); *Commonwealth* v. *Schlieff*, 5 Mass. App. Ct. 665, 669 (1977)." *Commonwealth* v. *Conceicao*, 388 Mass. 255, 264 (1983). (c) The reason-

ing in (b) applies with equal force to the claim that trial counsel was ineffective because he failed to move to dismiss the indictments or to seek other sanctions against the Commonwealth for its failure to preserve the evidence discussed in paragraph 3.

*Judgments affirmed.*

*Greta A. Janusz* for the defendant.

*Daniel C. Mullane,* Assistant District Attorney, *(David B. Mark,* Assistant District Attorney, with him) for the Commonwealth.