COMMONWEALTH VS. ROGER J. MARTIN.

No. 92-P-538.

Essex. April 12, 1993. - July 30, 1993.

Present: ARMSTRONG. PORADA. & GREENBERG. JJ

*Practice, Criminal,* Competency to stand trial, Judicial discretion.

A judge in a criminal proceeding in which the question of the defendant's
competence to stand trial had been raised did not abuse his discretion
in refusing to conduct a full evidentiary hearing pursuant to G. L. c.
123, § 15, to consider the testimony of a qualified psychologist who had
examined the defendant, and in limiting himself to considering her
written reports and conducting a colloquy with the defendant, where
the psychologist's reports did not express grave doubts about the de-
fendant's competence to stand trial, and where the defendant did not
display any unusual conduct. [98-99]

COMPLAINT received and sworn to in the Newburyport Di-
vision of the District Court Department on April 3, 1989.

The case was heard by *James J. O'Leary,* J.

*Edward Kelly* for the defendant.

*Elin H. Graydon,* Assistant District Attorney, for the
Commonwealth.

GREENBERG, J. This appeal raises the issue of the circum-
stances under which the question of a defendant's compe-
tence to stand trial requires an evidentiary hearing pursuant
to G. L. c. 123, § 15, as appearing in St. 1986, c. 599. Sec-
tion 15(*a*) authorizes a court house examination of a defend-
ant to be conducted by "one or more qualified physicians or
psychologists" and § 15(*c*) provides that "[a]t the conclusion
of the examination . . . [the examiner] shall forthwith give
to the court written signed reports of . . . findings bearing on
the issue of competence to stand trial." Next, § 15(*d*) in-
structs that "[i]f on the basis of such reports the court is
satisfied that the defendant is competent to stand trial, the

case shall continue according to the usual course of criminal proceedings; otherwise the court shall hold a hearing on whether the defendant is competent to stand trial; provided that at any time before trial any party to the case may request a hearing on whether the defendant is competent to stand trial." We read the section to give a judge considerable latitude in determining whether to conduct an evidentiary hearing. In the circumstances of this case, the judge did not abuse his discretion by denying the defendant an opportunity to present the testimony of the examiner and limiting his consideration of the competency issue to reviewing the reports and questioning the defendant.

The material facts are not in dispute. On April 2, 1989, the defendant, Roger Martin, was arrested and charged with operating a motor vehicle while under the influence of intoxicating liquor, his third offense (G. L. c. 90, § 24).[1] On July 20, 1990, defense counsel brought to the court's attention that, as a result of a severe head injury sustained after his arraignment, the defendant might not be competent to stand trial. A judge, who did not preside at the defendant's trial, continued the case for a preliminary examination pursuant to G. L. c. 123, § 15(c). A qualified psychologist, appointed by the court, examined the defendant and submitted her first written report on August 13, 1990. Contained in her account was the conclusion that the defendant "has no knowledge or memory of the alleged incident and therefore has been unable to assist his attorney in his defense." She opined that the defendant "has severe deficits in his competence to stand trial." On October 12, 1990, the same examiner submitted a second report which stated, in essence, that the defendant minimally passed the test of competence as set forth in *Commonwealth* v. *Hill*, 375 Mass. 50, 52 (1978), and *Dusky* v. *United States*, 362 U.S. 402 (1960).[2]

---

[1]The defendant was also found responsible for a marked lanes violation, G. L. c. 89, § 4A. This violation was filed.

[2]She did state, however, that in her opinion, "Roger's lack of memory constitutes a deficiency in his present ability to consult with his lawyer with a reasonable degree of rational understanding." The case law is clear, however, that "[a]mnesia, in and of itself, does not render an accused per-

The case was called for a jury-waived trial on December 3, 1990. At the defendant's request, the judge read both reports, discussed the contents with counsel, and conducted a brief colloquy with the defendant. At the conclusion of the colloquy, defense counsel stated that he expected that the examining psychologist would arrive soon; counsel allowed that she would testify that the defendant was not competent because he had no memory of the events surrounding the offense. There was objection when the defendant urged the judge to delay trial so that the testimony could be presented. The judge, somewhat perplexed, noted that no written motion for an evidentiary hearing had been filed. He questioned whether the defendant had waived the right to raise the competency issue because he had not filed a motion but, also, noted that the judge has an independent responsibility on the competency issue. He ruled that the defendant did not exhibit any behavior or verbal responses which gave him pause to question the defendant's competency. He observed that amnesia alone did not render the defendant incompetent. Trial commenced and the defendant was convicted.

From the decisional law interpreting § 15, we glean two governing principles. First, "[a] judge is required to hold an evidentiary hearing on his own motion, where there is a 'substantial question of possible doubt' about the defendant's competence to stand trial." *Commonwealth* v. *Rise*, 7 Mass. App. Ct. 106, 107 (1979), quoting from *Rhay* v. *White*, 385 F.2d 883, 886 (9th Cir. 1967). However, not every instance of abnormal behavior or sign of mental disorder constitutes a sufficient basis to trigger the hearing requirement. See *Commonwealth* v. *Goldman*, 12 Mass. App. Ct. 699, 707-709 (1981). Second, failure to hold a full hearing where there is a "substantial question of possible doubt" of the defendant's competence is error. See *Commonwealth* v. *Hill*, 375 Mass. 50, 54 (1978). See *Commonwealth* v. *Barnes*, 399 Mass. 385 (1987). See also *Pate* v. *Robinson*, 383 U.S. 375, 385 (1966)

---

son incompetent to stand trial." *Commonwealth* v. *McDonald*, 21 Mass. App. Ct. 368, 375 (1986), citing *Commonwealth* v. *Lombardi*, 378 Mass. 612, 613, 615-616 (1979).

(where there remains "bona fide doubt" as to competence, a full hearing is required); *Drope* v. *Missouri*, 420 U.S. 162 (1975). The issue may require further inquiry, despite early findings of competence, if subsequent events or testimony raise doubt. See *Commonwealth* v. *Vailes*, 360 Mass. 522 (1971); *Commonwealth* v. *Burkett*, 5 Mass. App. Ct. 901, 902-903 (1977); *Commonwealth* v. *Tarrant (No. 1)*, 14 Mass. App. Ct. 1020 (1982) (defense counsel's assertion of irrationality not sufficient, without more, to require hearing); *Commonwealth* v. *Hall*, 15 Mass. App. Ct. 1, 2-3 (1982) ("inappropriate remarks or disruptive behavior" [of the defendant] not sufficient to require hearing).

We are satisfied that the judge in this case, cognizant of these standards, did not abuse his discretion in refusing to conduct a full evidentiary hearing to consider the testimony of the qualified examiner, and in limiting himself to considering her written reports. See *Commonwealth* v. *Chubbuck*, 384 Mass. 746, 752 (1981) (no abuse of discretion in failing to grant an evidentiary hearing where the judge relied on first-hand observations of the defendant and psychiatric reports compiled prior to trial). Here the psychologist's reports did not express grave doubts about the defendant's competence. Apparently, the defendant also did not display any unusual conduct throughout the trial. There was no abuse of discretion.

*Judgment affirmed.*