Twelve years after pleading guilty to one count of indecent assault and battery on a child under age fourteen[2] and one count of assault and battery, and after being found to be a sexually dangerous person, the defendant moved for a new trial and to withdraw his guilty pleas. The motion was denied and the defendant appeals. We affirm.
"Due process requires that a plea of guilty be accepted only where 'the contemporaneous record contains an affirmative showing that the defendant's plea was intelligently and voluntarily made.' " Commonwealth v. Scott, 467 Mass. 336, 345 (2014), quoting from Commonwealth v. Furr, 454 Mass. 101, 106 (2009). Because the waiver of rights inherent in the tender of a guilty plea must be knowing and voluntary, "a defendant must possess a certain degree of competence to plead guilty. 'The test of competence to plead is similar to that for standing trial.' " Commonwealth v. Robbins, 431 Mass. 442, 445 (2000), quoting from Commonwealth v. Russin, 420 Mass. 309, 316 (1995). That test "requires that the defendant have '[1] sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding, and ... [2] a rational as well as factual understanding of the proceedings against him.' " Commonwealth v. Lyons, 426 Mass. 466, 468-469 (1998), quoting from Commonwealth v. Vailes, 360 Mass. 522, 524 (1971). See Dusky v. United States, 362 U.S. 402, 403 (1960).
The defendant claims that his guilty pleas were not intelligent and voluntary because he was not competent at the time. We disagree. He claims that the finding of competence during the plea colloquy was faulty because it was based on nothing more than the plea judge "eyeballing" him during the colloquy. However, the plea judge was aware of the finding of incompetence seven months prior. The plea judge observed and interacted with the defendant during the forty-five-minute colloquy, tailored the colloquy to account for the defendant's limitations, consulted with plea counsel, and asked if counsel was aware of any reason that the plea should not be accepted. Plea counsel told the plea judge that he believed that the defendant's competency issues were properly addressed during the colloquy and the plea judge determined that there was no basis for questioning the defendant's competence.[3]
The defendant failed to raise a "substantial question of possible doubt" so as to require a further competency hearing. Commonwealth v. Field, 477 Mass. 553, 561 (2017). See Commonwealth v. Wentworth, 53 Mass. App. Ct. 82, 89 (2001). Moreover, the defendant has identified no case in which such a hearing has been required in these circumstances, in order for a guilty plea to be accepted.[4]
Contrary to the defendant's claim, his statements during the plea colloquy did not establish his incompetence, let alone did they require the plea judge to so find. In fact, the defendant maintained that "the victim lied about her age," but he did not challenge that she was a minor or that he touched her in an indecent manner. In that posture, the defendant demonstrated his understanding of the offenses to which he was pleading guilty. To the extent the defendant claimed that the touching was consensual, the assertion is not relevant. See Commonwealth v. Suero, 465 Mass. 215, 220 n.5 (2013). The motion judge did not abuse his discretion by denying the motion without a hearing.[5]
Order denying motion for new trial affirmed.

The defendant was indicted for rape of a child, but the Commonwealth reduced the charge.

The defendant's motion for new trial was not supported by an affidavit from plea counsel. Such an omission is significant. See Commonwealth v. Lynch, 439 Mass. 532, 539 n.2 (2003). Indeed, at the plea hearing, counsel stated that he was aware of the competency issue and, at the conclusion of the hearing, he said that the colloquy was "very appropriately done" and that he had no "problem" with the manner in which it was conducted.

We note that most of the concerns raised by the judge (not the plea judge) during the defendant's competency hearing related to trial-based concerns, and not those that arise during a guilty plea. For example, the judge was concerned about the defendant's ability to withstand cross-examination.

To the extent we do not address other issues raised by the defendant, "they 'have not been overlooked. We find nothing in them that requires discussion.' " Department of Rev. v. Ryan R., 62 Mass. App. Ct. 380, 389 (2004), quoting from Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).