COMMONWEALTH vs. IRVING RISE.

Suffolk.    December 12, 1978. — February 28, 1979.

Present: KEVILLE, ROSE, & GRANT, JJ.

*Practice, Criminal,* Competency to stand trial. *Constitutional Law,* Equal protection of laws, Narcotic drugs. *Narcotic Drugs.*

Where a court appointed psychiatrist testified that a defendant could not participate effectively in his own defense because of his drug addiction and that in seven days he should be in a condition to stand trial depending upon his daily drug intake up to that time, the judge erred in proceeding to trial seven days later without at that time holding a further evidentiary hearing on the defendant's competence to stand trial. [107-108]

The provisions of G. L. c. 123, §§ 47 and 48, do not create unconstitutional classifications among drug dependent persons. [108-110]

INDICTMENT found and returned in the Superior Court on May 8, 1975.

The case was tried before *Hayer, J.*

*John H. Henn (Jacob N. Polatin* with him) for the defendant.

*Timothy P. O'Neill,* Assistant District Attorney, & *Mark T. Anastasi,* Special Assistant District Attorney, for the Commonwealth.

KEVILLE, J. The defendant was convicted of armed robbery at a trial by jury in the Superior Court. He appeals under G. L. c. 278, §§ 33A-33G. The defendant claims that the judge erred in failing to conduct an evidentiary hearing on his own initiative immediately before trial on the issue of the defendant's competence to stand trial. When the case was first called for trial on March 1, 1976, defense counsel moved for a continuance on the ground of the defendant's incompetence to stand trial.

A court appointed psychiatrist testified that he had examined the defendant and determined that he was addicted to the use of drugs and had been a heavy user since the age of twelve. Relying upon his examination and upon the defendant's claim that he had used drugs the previous night and that morning, the psychiatrist gave as his opinion that the defendant at that time could not participate effectively in his own defense. The psychiatrist stated that in seven days the defendant should be in a condition to allow him to participate effectively in his trial depending upon his daily drug intake up to that time. The judge did not, on March 1, make a finding with respect to the defendant's fitness to stand trial; but he revoked the defendant's bail, committed him to jail and continued the case for a week until March 8. The judge ordered that the parties then reconvene "not necessarily for trial, but a status report. And we'll find whether I can hear it immediately thereafter." However, the record does not reveal that on March 8 the judge received a status report or that the defendant's competence to stand trial was referred to either by the parties or by the judge. Instead, the trial proceeded without further reference to the defendant's competence to stand trial. The question of the defendant's competence to stand trial is open on appeal even though the defendant himself failed to raise the question at trial. *Commonwealth* v. *Hill*, 375 Mass. 50, 52 (1978).

A judge is required to hold an evidentiary hearing on his own motion when there is a "substantial question of possible doubt" about the defendant's competence to stand trial. *Rhay* v. *White*, 385 F.2d 883, 886 (9th Cir. 1967). *Commonwealth* v. *Hill*, 375 Mass. at 54.

On March 1, the judge was faced with at least a substantial question whether the defendant was then competent to stand trial. See *Hansford* v. *United States*, 365 F.2d 920, 921, 923 (D.C. Cir. 1966). Nothing appears in the record which would indicate that the doubt which existed on March 1 had been resolved by March 8. On the con-

trary, the judge's statement on March 1 established that
the question of the defendant's competence would have to
be reexamined and resolved on March 8. It was not suffi-
cient for the judge to have relied on the psychiatrist's
conditional prediction that the defendant should be ready
for trial in seven days without, at the end of that period,
having received evidence to ascertain the defendant's
condition.[1] Contrast *Commonwealth* v. *DiMinico,* 375
Mass. 676, 677-678 (1978). See *Hansford* v. *United States,
supra* at 923 n.8; G. L. c. 123, §§ 15(c) and (d). The defend-
ant is, therefore, entitled to a new trial preceded by a
determination of his competence. A retrospective deter-
mination of his competence on March 8 would be insuffi-
cient (see *Commonwealth* v. *Hill, supra* at 59-62; *Dusky* v.
*United States,* 362 U.S. 402, 403 [1960]; *Pate* v. *Robinson,*
383 U.S. 375, 387 [1966]; *Drope* v. *Missouri,* 420 U.S. 162,
183 [1975]), particularly as the record here is silent on the
question of the defendant's condition on March 8.

In view of our disposition of this aspect of the case, it
becomes unnecessary to consider the defendant's claim
that he was deprived at trial of the effective assistance of
counsel. However, since the question is likely to arise in
the course of a new trial, we now deal with the defend-
ant's claim that G. L. c. 123, §§ 47 and 48, create unconsti-
tutional classifications among drug dependent persons.

---

[1] Some courts seem to have presumed that, where a drug addict is
shown to have ingested no drugs for a period of five or more days, there
is no doubt about his competency. See *Edwards* v. *United States,* 256
F.2d 707, 708 n.2 (D.C. Cir. 1958); *Mayes* v. *Pickett,* 537 F.2d 1080, 1082
(9th Cir. 1976), cert. denied sub nom. *United States* v. *Mayes,* 431 U.S.
924 (1977). However, neither the psychiatrist nor the judge in this case
could be certain that this defendant would be in a condition to partici-
pate in his defense in seven days. Furthermore, there was nothing in
the record to establish whether the defendant had or had not disrupt-
ed the withdrawal process by ingesting drugs during the seven days
which he spent in jail. In addition to withdrawal from drug use, drug
use itself may be a basis for an inquiry into competency. *Hansford* v.
*United States, supra* at 923.

The defendant correctly asserts that one charged with a "Drug offense," as defined in G. L. c. 123, § 38, must be informed of his right to seek, prior to trial, a determination by a judge that the criminal proceeding against him be stayed and that he be assigned to a drug treatment program. Upon the successful completion of that treatment, the criminal charge is dismissed. By contrast, one charged with "other than a drug offense" has no such right and may request, only after conviction, an order that he receive treatment for his addiction in the correctional institution to which he is sentenced. G. L. c. 123, § 48. This differentiation between drug related and non-drug related offenders is not "without any reasonable basis" or "purely arbitrary" (*Commonwealth* v. *Leis*, 355 Mass. 189, 197 [1969]) in light of the legislative objective of identifying and treating those most likely to benefit from drug treatment programs while at the same time ensuring the protection of society from more serious offenders.

In *Marshall* v. *United States*, 414 U.S. 417, 430 (1974), the Federal Narcotic Addict Rehabilitation Act (NARA) of 1966, 18 U.S.C. §§ 4251-4255 (1970), was unsuccessfully challenged under the concept of equal protection embodied in the due process clause of the Fifth Amendment in granting an option for postconviction treatment (similar to that for pretrial diversion provided by G. L. c. 123, § 47) of drug dependent persons except those with a record of two prior felony convictions whether drug related or not.

In *Marshall*, the Court determined that this classification was not an unreasonable means of concentrating limited resources on the rehabilitation of those who were primarily addicts and only secondarily criminals, and who would thus be more likely to benefit from treatment in contrast to those who were "primarily antisocial and only secondarily addicts." 414 U.S. at 429.

General Laws c. 123, §§ 47 and 48, in distinguishing between drug and non-drug related offenses, appear to provide an even more rational means toward achieving

that objective than the means provided for under NARA. See 414 U.S. at 427; *id.* at 433-435 (Marshall, J., dissenting).

*Judgment reversed.*
*Verdict set aside.*