COMMONWEALTH vs. JOHN A. GRASSO.  October 22, 1980.  The defendant appeals from the denial of his motion for leave to withdraw his plea of guilty.

The defendant claims that the judge should have terminated the plea proceedings sua sponte and ordered an evidentiary hearing on his competency to plead.  We are unable to find any support in the record for the defendant's contention that he was unable to understand the nature of the guilty plea proceeding due to a recent severe head injury.  Nowhere has it been made to appear that the defendant did not have a "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and . . . a rational as well as factual understanding of the proceedings against him." *Dusky* v. *United States*, 362 U.S. 402, 402 (1960).  "There was no 'substantial question of possible doubt' [*Rhay* v. *White*, 385 F.2d 883, 886 (9th Cir. 1967)] of the defendant's competence to plead guilty in this case, regardless of whether the matter be judged on the basis of what was before the trial judge or on the basis of what was before the [same] judge who later denied the motion to withdraw the plea of guilty." *Commonwealth* v. *Hubbard*, 371 Mass. 160, 172 (1976).

It should be noted that the defendant did not, at any time prior to or during the plea proceedings, raise any question as to his competency.  But see *Commonwealth* v. *Rise*, 7 Mass. App. Ct. 106, 107-108 (1979).  Nor did the defendant so complain on the direct appeal from another drug offense indictment (see *Commonwealth* v. *Grasso*, 9 Mass. App. Ct. 832 [1980]) which was closely related in time to the instant indictment.

It is clear to us that the only reason the judge considered a neurological examination of the defendant was to ascertain whether the skull fracture suffered by the defendant some fourteen months earlier would make incarceration at M.C.I. Walpole more than ordinarily hazardous to the defendant's health.  It follows from this that after the judge opted to sentence the defendant to a house of correction, there was no longer any reason for such an examination.  This view of the judge's actions is consistent with the intention of the defendant's counsel as expressed in his motion for a medical evaluation filed at the time of the plea proceedings.  The defendant's counsel indicated therein that he wished the neurological examination to take place "prior to sentencing."

In sum, we conclude that there was no error in the denial of the defendant's motion, nor was there error in the judge's refusal to order sua sponte an evidentiary hearing on the defendant's competency at the time of his plea of guilty. See *Pate* v. *Robinson*, 383 U.S. 375, 385 (1966); *Commonwealth* v. *Hill*, 375 Mass. 50, 54-55 (1978).

*Order affirmed.*

The case was submitted on briefs.
*Robert S. Potters* for the defendant.
*Newman Flanagan*, District Attorney & *Sharon D. Meyers*, Special Assistant District Attorney, for the Commonwealth.