COMMONWEALTH *vs.* JOHN TARRANT (No. 1). November 12, 1982. The defendant appeals from his convictions on indictments charging him with two armed robberies, armed assault in a dwelling with intent to commit armed robbery, and unlawful confinement. G. L. c. 265, §§ 17, 18A & 26. He alleges error in: (1) the trial judge's denials of his motions for a continuance, for an examination pursuant to G. L. c. 123, § 15, and to dismiss one of the two armed robbery indictments on the ground of duplicity; and (2) the prosecutor's closing argument to the jury. We affirm the judgments.

About 10:15 P.M., on October 19, 1976, the victim was leaving her apartment building to go to work when a man, later identified as the defendant, approached and forced her back into the foyer of the building. He held a knife to her and demanded money. The victim gave the defendant about thirteen dollars, and he ordered her to take him to her apartment. She unlocked the inner foyer door and led the defendant, who was holding the knife to her upper arm, to her second floor apartment. Once inside the apartment, the defendant looked about the rooms, locked the victim in the bathroom, took various items of her personal property, destroyed others, and left.

1. The trial judge did not abuse his discretion in granting the defendant a three — rather than six — day continuance where: (a) the indictments were over seven months old; (b) the defendant had requested a speedy trial; and (c) defense counsel had represented the defendant since the date of his arraignment. See *Commonwealth* v. *Bettencourt,* 361 Mass. 515, 517-518 (1972).

2. After the three-day continuance and on the morning of trial, defense counsel filed a handwritten motion seeking a determination of the defendant's competence to stand trial. G. L. c. 123, § 15. We see no error either in the trial judge's failure to question the defendant personally and sua sponte before acting on the motion or in his denial of the motion. The question of competence had not been raised at an earlier stage of the proceedings, and there was no evidence of any history of mental illness. The defendant had exhibited no violent or irrational conduct in the courtroom. The sole basis for the motion was defense counsel's representation that in their recent conversations the defendant had made some "outra-

geous" statements, although he also had made rational responses to inquiries. "[T]he trial judge was not obliged, based on the meager facts reported, to halt the proceedings for an independent assessment of [Tarrant's] mental capacity." *Commonwealth* v. *Goldman,* 12 Mass. App. Ct. 699, 709 (1981). See *Commonwealth* v. *Vailes,* 360 Mass. 522, 525 (1971). Compare *Commonwealth* v. *Rise,* 7 Mass. App. Ct. 106, 106-108 (1979).

3. In his summation to the jury, defense counsel argued that it was apparent from the Commonwealth's failure to produce evidence of the defendant's fingerprints that the victim had identified the wrong man. The prosecutor responded by asking the jury to use their "common sense" and realize that when an officer responds "to a scene . . . he doesn't have his friend Watson with him . . . and he doesn't go in with his dusting box. . . . [W]e don't have the money or personnel to go around dusting everything . . . . [E]ven if we did, you don't come up with fingerprints everytime." No objection was taken to any of those remarks. Assuming arguendo that they were improper, there is no substantial risk that a miscarriage of justice has occurred. See *Commonwealth* v. *Daigle,* 379 Mass. 541, 549 (1980); *Commonwealth* v. *Bradshaw,* 385 Mass. 244, 277 (1982). The victim had had ample opportunity to observe the defendant in the foyer and in her apartment. Moreover, she testified that on the night of the robberies she recognized the defendant as a man she had noticed around the building on two separate, earlier occasions.

4. The defendant's convictions on the armed robbery indictments are not duplicitous. There is nothing in *Commonwealth* v. *Levia,* 385 Mass. 345, 347-351 (1982), which requires the conclusion that the defendant's acts, first in the foyer and then in the victim's apartment, were discrete parts of a single robbery. See *Commonwealth* v. *Gurney,* 13 Mass. App. Ct. 391, 401-403 (1982). Compare *Commonwealth* v. *Winter,* 9 Mass. App. Ct. 512, 526 (1980). Although the taking of the victim's money and property happened during a continuous period, the offenses occurred in two different places and under different circumstances. While no one but the defendant and the victim were in the foyer at the time of the robbery, the foyer, unlike the victim's apartment, was accessible to the public. The victim testified that she was afraid while she was in the foyer and that she became more frightened in her apartment. "The essence of robbery is the exertion of force, actual or constructive, against another in order to take personal property . . . from the protection which the person of that other affords." *Commonwealth* v. *Weiner,* 255 Mass. 506, 509 (1926). *Commonwealth* v. *Levia,* 385 Mass. at 348. These two offenses are not "so closely related in fact as to constitute in substance but a single crime." *Commonwealth* v. *St. Pierre,* 377 Mass. 650, 662-663 (1979). See *Commonwealth* v. *Fitzpatrick, ante* 1001, 1002-1003 (1982). See also *Jones* v. *Commonwealth,* 218 Va. 757, 761 (1978).

*Judgments affirmed.*

*Robert L. Sheketoff* (*Eva S. Nilsen* with him) for the defendant.
*John A. Kiernan,* Assistant District Attorney, for the Commonwealth.