COMMONWEALTH vs. WILLIAM MYRON McGHEE.

Suffolk.  November 8, 1983. — February 7, 1984.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & O'CONNOR, JJ.

*Homicide.  Practice, Criminal,* Admissions and confessions, Psychiatric examination.

A judge properly exercised his discretion in denying a defendant's motion, made during his trial for murder, that he be permitted to undergo a psychiatric examination at the Commonwealth's expense for the purpose of determining whether a confession he had made at the time of his arrest was voluntary, where there was nothing in the record to raise doubt about the defendant's capacity to waive his Miranda rights at that time.  [74-75]

INDICTMENT found and returned in the Superior Court Department on October 13, 1981.

The case was tried before *Roger J. Donahue,* J.

*Willie J. Davis (Mary D. Gearin* with him) for the defendant.

*Joshua D. Werner,* Assistant District Attorney, for the Commonwealth.

WILKINS, J.  The defendant appeals from his conviction of murder in the first degree, based on the jury's finding of extreme atrocity and cruelty.  He argues that the trial judge erred in denying his motion, made during trial, that he be permitted to undergo a psychiatric examination, at the expense of the Commonwealth, to determine whether the confession he made was voluntary.  There was no error, and we see no basis for relief under G. L. c. 278, § 33E.

The circumstances of the victim's death and the evidence against the defendant need not be recited in detail.  It is sufficient to note that on August 17, 1981, the victim, a man in his nineties, was found dead in his apartment in Boston.

Circumstances pointed toward the defendant's involvement in the killing. On August 21, two Boston police department detectives went to the defendant's apartment to execute a search warrant and a warrant for the defendant's arrest. In the course of the search and after the defendant had been advised of his Miranda rights, the defendant volunteered that he had killed the victim and later repeated the statement. In subsequent interrogation, he stated that he had passed out while drinking with the victim, and that when he awoke the victim was dead. In effect he recanted his confession.

The defendant did not claim that he lacked competency to stand trial or that he lacked criminal responsibility at the time of the crime. No pretrial motion to suppress his confession was filed, and his experienced counsel expressly stated that he had no basis for doing so. During the first day evidence was offered, defense counsel raised the question of what he thought might be the defendant's "split personality." Counsel pointed to the defendant's providing the names of potential witnesses on his behalf, who turned out to have incriminating evidence against him. Counsel further indicated that the defendant had questioned why a particular juror had been seated, when earlier the defendant had himself decided the juror should not be challenged. Finally, defense counsel pointed out that the defendant had changed his original position and now wanted to take a polygraph examination to corroborate his testimony.[1] At this point, counsel did not request that the defendant undergo a psychiatric examination.

On the next day of trial, the judge held a voir dire, at the request of the defendant, on the question of the voluntariness of the defendant's confession. The two detectives and the defendant testified. The judge found that the defendant's statements were voluntarily made, with an under-

---

[1] The defendant was allowed to have a polygraph examination after he indicated that he wanted to testify on his own behalf. He took the examination and thereafter elected not to testify at his trial.

standing of his rights and following a voluntary and rational waiver of those rights. The defendant does not argue that these findings are unwarranted on the evidence heard at the voir dire.

Immediately after the judge denied the oral motion to suppress the defendant's statements, defense counsel moved for a psychiatric examination because the results might have "some bearing on the statement made by him." The judge noted that the defendant did not deny on voir dire that he had made the statements attributed to him, but simply gave an explanation why he first admitted to killing the victim and thereafter changed his story. The judge further noted that the defendant gave no indication of "any psychiatric difficulty either today or on August 21, 1981." He denied the motion.

We could readily sustain the judge's action as being within his discretion because the request for a psychiatric examination was not made until after he had heard the evidence on voir dire and had denied the motion to suppress. Beyond this, we see no factual predicate for requiring a psychiatric examination. The problems defense counsel noted during the first day evidence was introduced related to the defendant's behavior at that time. Nothing in the record suggests that the defendant's mental condition at the time he made the statements to the police was subject to question. We thus do not even have unsworn statements of counsel in support of the motion. See *Commonwealth* v. *Silva*, 371 Mass. 819, 821 (1977) (possible insanity defense). Certainly, in the circumstances, "no abuse of discretion is shown in the absence of any factual predicate in the form of an affidavit, a hospital record, or the like." *Id.* In cases involving a defendant's possible lack of competency to stand trial or possible lack of criminal responsibility, no abuse of discretion has been found in judges' refusals to order psychiatric examinations in circumstances at least as compelling as those presented in this case. See *Commonwealth* v. *Chubbuck*, 384 Mass. 746, 752 (1981) (competency); *Commonwealth* v. *Silva, supra* (criminal responsibility);

*Commonwealth* v. *Tarrant*, 14 Mass. App. Ct. 1020, 1020-1021 (1982) (competency); *Commonwealth* v. *Goldman*, 12 Mass. App. Ct. 699, 707-709 (1981) (competency). Cf. *Commonwealth* v. *Hill*, 375 Mass. 50, 57-58 (1978) (facts shown on the record raised a substantial question as to the defendant's competence to stand trial). There was no evidence or factual predicate sufficient to raise a substantial question of possible doubt about the defendant's capacity on August 21, 1981, to waive his rights voluntarily and rationally.

Pursuant to G. L. c. 278, § 33E, we have reviewed the transcript of the defendant's trial and conclude that there is no basis for ordering a new trial or a reduction of the verdict.

*Judgment affirmed.*