NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

13-P-953                                          Appeals Court

COMMONWEALTH  vs.  CLOVICEL DAVIS.

No. 13-P-953.

Essex.     January 13, 2015. - August 28, 2015.

Present:  Trainor, Vuono, & Hanlon, JJ.


Constitutional Law, Double jeopardy.  Practice, Criminal, Double
     jeopardy, Duplicative convictions, Instructions to jury,
     Argument by prosecutor.  Robbery.  Identification.


     Indictments found and returned in the Superior Court
Department on October 7, 2009.

     The cases were tried before Timothy Q. Feeley, J.


     Cathryn A. Neaves for the defendant.
     David F. O'Sullivan, Assistant District Attorney, for the
Commonwealth.


     VUONO, J.  Following a joint trial in the Superior Court, a

jury convicted the defendant, Clovicel Davis, and his brother,

Curtis Davis, of two counts of unarmed robbery, in violation of

G. L. c. 265, § 19(b).[1]  Clovicel has appealed, claiming that his

_____

     [1] Because the defendants have the same surname, we use their
first names to avoid confusion.

convictions are duplicative and, as such, violate the double jeopardy clause of the Fifth Amendment to the United States Constitution.[2]  He also asserts error in the judge's jury instruction on identification and the prosecutor's closing argument.  For the reasons that follow, we conclude there was no error at trial, but we agree with the defendant that the convictions are duplicative and that one of the indictments must be dismissed, and the case remanded to the Superior Court for resentencing on the remaining conviction.

Background.  On September 10, 2009, at about 4:00 A.M., Bruno Correa was working the night shift as a clerk at the Plaza Motel located on Route 1 in Peabody when he was robbed by two men whom he later identified as the defendants.  Upon entering the motel lobby, Curtis feigned interest in renting a room and approached the counter.  Once he was close to Correa he demanded money.  Correa opened the cash drawer from which Curtis took an envelope containing $396.  Curtis then attempted to hustle Correa out of the lobby, while Clovicel, who had remained near the door, snatched a gold chain from Correa's neck and told Correa to give him his watch.  As Correa began to remove the watch, he seized an opportunity to escape and ran to a nearby

---

[2] Although the defendant did not move to dismiss one of the two indictments on the ground that it was duplicative, review is appropriate because multiple punishments for the same offense create a substantial risk of a miscarriage of justice.  See Commonwealth v. Donovan, 395 Mass. 20, 27-28 (1985).

truck stop from which the police were called.  Meanwhile, Curtis and Clovicel had driven away in a light colored sedan.

A short time later, Curtis and Clovicel were stopped by the police in connection with an unrelated investigation.  Because they matched the description of the robbers that Correa had provided, albeit in a general way, a so-called showup identification with Correa was arranged.  Correa immediately identified Curtis, but did not readily identify Clovicel.[3]  The defendants were arrested, and during a subsequent search of their vehicle the police found loose currency strewn throughout which totaled $366, an amount close to that which had been taken from the motel's cash drawer.  The police also found a gold chain, which Correa identified at trial as the chain that had been ripped from his neck during the robbery.  Not found in the vehicle was the envelope that held the money from the motel, which was the type used for bank deposits and bore the name of a bank and Correa's handwritten notations regarding payments for rooms.  Nor did the police find two pieces of clothing:  a black hat and a white shirt which, as described by Correa, Curtis was wearing at the time of the robbery.

---

[3] The testimony regarding the amount of time it took for Correa to identify Clovicel at the scene varied from "fifty seconds" to "three to five minutes."  At trial, Correa could not identify Clovicel.  He testified, however, that he was one hundred percent sure that he correctly identified Clovicel on the night of the robbery and he identified Clovicel from a booking photograph taken in connection with Clovicel's arrest.

A grand jury returned identical indictments against Curtis and Clovicel charging each of them with two counts of unarmed robbery. The first count alleged that Clovicel "did by force and violence, or by assault and putting in fear, rob or steal from Bruno Correa, or from his immediate control, U[nited] S[tates] [c]urrency, the property of the Plaza Hotel." The second count alleged Clovicel "did by force and violence, or by assault and putting in fear, rob or steal from Bruno Correa, or from his immediate control, a gold chain necklace, the property of the [sic] Bruno Correa." The Commonwealth's theory at trial was that Clovicel was guilty as an aider and abettor on the first count and as a principal on the second count. The judge adopted this theory of culpability at sentencing and imposed a six to eight year prison sentence on count two and three years of probation on count one, to be served on and after the term of incarceration imposed on count two.

1. Double jeopardy.[4] The defendant contends that although two items (money and a gold chain) were taken during the course

---

[4] "The double jeopardy clause of the Fifth Amendment to the United States Constitution protects against three distinct abuses: a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense." Commonwealth v. Flanagan, 76 Mass. App. Ct. 456, 459-460 (2010), quoting from Commonwealth v. Crawford, 430 Mass. 683, 686 (2000). See Mahoney v. Commonwealth, 415 Mass. 278, 283 (1993). The defendant's contention concerns "the third category of protection" and "requires us to determine whether the

of the robbery, there was only one victim and therefore, only one indictment for unarmed robbery was proper.  The unarmed robbery statute states, in relevant part:

> "Whoever, not being armed with a dangerous weapon, by force and violence, or by assault and putting in fear, robs, steals or takes from the person of another, or from his immediate control, money or other property which may be the subject of larceny, shall be punished by imprisonment in the state prison for life or for any term of years."

G. L. c. 265, § 19(b), as amended by St. 1981, c. 678, § 4.  As the Commonwealth acknowledges, "the teaching of our cases is that, where the intent of the Legislature in the enactment of a criminal statute is primarily to protect the safety of individuals, as opposed to one's possessory interest in property, the number of victims determines the number of units of legitimate prosecution."  Commonwealth v. Antonmarchi, 70 Mass. App. Ct. 463, 466 (2007), quoting from Commonwealth v. Melton, 50 Mass. App. Ct. 637, 643 (2001).  Thus, the appropriate unit of prosecution for robbery is the person assaulted and robbed.  See Commonwealth v. Donovan, 395 Mass. 20, 30 (1985).  See also Commonwealth v. Levia, 385 Mass. 345, 351 (1982) (conviction on two indictments proper where robbery involved two victims because "the 'offense' is against the

Legislature intended to authorize imposition of multiple punishments for concurrent violations of the same statute arising out of a single transaction."  See Commonwealth v. Flanagan, supra, quoting from Commonwealth v. Crawford, supra.

person assaulted, and not against the entity that owns or possesses the property taken").

The Commonwealth nevertheless maintains that, in this case, two convictions of unarmed robbery with the imposition of consecutive sentences do not violate the defendant's right to be free from double jeopardy because two distinct robberies occurred, each based on separate applications of force.  See Commonwealth v. Weiner, 255 Mass. 506, 509 (1926) ("[t]he essence of robbery is the exertion of force, actual or constructive, against another in order to take personal property of any value whatsoever, with the intention of stealing it").  To support its contention, the Commonwealth cites Commonwealth v. Tarrant, 14 Mass. App. Ct. 1020 (1982), and Commonwealth v. Vega, 36 Mass. App. Ct. 635 (1994).  Both cases are distinguishable.

In Tarrant, we held that double jeopardy did not bar the prosecution of two robberies from the same victim during the course of one criminal episode.  However, the facts demonstrated that two discrete robberies had occurred.  In that case, the victim was leaving her apartment building when the defendant forced her back into the foyer, held a knife to her and demanded money.  After the victim gave the defendant about thirteen dollars, he ordered her, by knife point, to take him to her apartment, which she did.  The defendant then locked the victim

in the bathroom, stole various items, and destroyed others.  On the basis of this evidence, the defendant was convicted of two armed robberies.  On appeal, he sought to dismiss one of the convictions on the ground that it was duplicative.  In rejecting this claim, we concluded that "[a]lthough the taking of the victim's money and property happened during a continuous period, the offenses occurred in two different places and under different circumstances," and, therefore, were not "so closely related in fact as to constitute in substance but a single crime."  Id. at 1021 (citation omitted).

Here, by contrast, the offenses occurred in the same location at virtually the same time under the same circumstances.  While it is true, as the Commonwealth observes, that Correa testified that he became increasingly afraid after Curtis took the money, the escalation of Correa's fear does not justify two convictions of unarmed robbery.[5]  More fundamentally,

---

[5] Indeed, as the Commonwealth acknowledged at oral argument, had Clovicel succeeded in taking Correa's watch, a third charge of unarmed robbery would not have been warranted.  See Commonwealth v. Vick, 454 Mass. 418, 435 (2009).  In circumstances where, as here, there are multiple counts of the same offense "multiple convictions and sentences are permissible only where each conviction is premised on a distinct criminal act, unless the Legislature has explicitly authorized cumulative punishments."  As G. L. c. 265, § 19(b), does not authorize cumulative punishments, and for the reasons we have noted, the criminal acts in question are not "distinct"; thus, there is no basis for multiple convictions.  Accord Commonwealth v. Traylor, 472 Mass. 260, 269-270 (2015).

the evidence does not support the Commonwealth's contention that the taking of the gold chain by Clovicel constitutes a separate application of force where the same force and threats were exerted throughout the encounter to facilitate the taking of the money and the gold chain.  See Commonwealth v. Santos, 440 Mass. 281, 292 (2003).  See also Commonwealth v. LeBeau, 451 Mass. 244, 262 (2008) (multiple "alleged acts were part of a single crime scheme").

The Commonwealth's reliance on Commonwealth v. Vega, supra, is also misplaced.  There, the defendant was convicted of three counts of rape based on evidence demonstrating two incidents of vaginal penetration and one incident of anal penetration.  On appeal, the defendant maintained that the judge erred in imposing successive sentences because all three rapes occurred in the course of one criminal episode.  In rejecting this claim, we observed that the victim must have experienced each penetration as a separate crime, "especially when . . . the acts differed in kind," and concluded that "[t]he realities of the multiple attacks on the victim warranted -- although they did not require -- multiple indictments and successive sentences." Id. at 641.  In the present case, the taking of the money and the taking of the property did not differ in kind.  Instead, the acts were rather part of one seamless, albeit escalating, criminal episode.  Because the two actions were similar in

nature and, as previously discussed, so closely connected in time and space, we repeat our conclusion that this is not a case where multiple indictments were warranted.

2. Instruction on eyewitness identification. The judge held a precharge conference during which defense counsel requested that the judge inform the jury that the issue of identification is "the most important issue in this case." The judge declined to do so. Passing on whether the issue was properly preserved with a specific postcharge objection, we discern no error.[6] The instruction adhered to that suggested in Commonwealth v. Rodriguez, 378 Mass. 296, 310-311 (1979).[7] See also Commonwealth v. Franklin, 465 Mass. 895, 912-914 (2013). The judge emphasized to the jury that the Commonwealth has the burden of proving identity beyond a reasonable doubt numerous

---

[6] At the conclusion of the charge to the jury, the judge invited comment from counsel. Clovicel's lawyer stated: "To the extent the court did not give the requested instructions or the request for changes to the instructions that I proposed to the court I would object. But as to the instructions the court gave, nothing different." The Commonwealth argues that this objection was not sufficiently specific to alert the judge to the basis of the objection. While we find it highly unlikely that the judge would not have recalled the reasons for the objection given by trial counsel during the charge conference, we need not determine which standard of review applies as there was no error.

[7] The Supreme Judicial Court recently announced changes to the Rodriguez instruction based on evolving knowledge about eyewitness identifications. See Commonwealth v. Gomes, 470 Mass. 352, 379-388 (2015). However, those changes are not retroactive, and therefore, do not apply here. See id. at 376.

times during his charge.  More was not required.  See

Commonwealth v. Bresilla, 470 Mass. 422, 440 (2015).

3.  Prosecutor's closing argument.  Finally, the defendant

argues that, the prosecutor's suggestion in closing argument

that the defendants had discarded the black hat, the white

shirt, and the envelope that contained the money lacked

evidentiary support.  The text of the challenged statement is as

follows:

> "And I would suggest to you, the lack of the hat, the lack
> of the money envelope and whether or not there is a
> different white tee shirt, those are the things that would
> be the most immediately identifiable.  And I would suggest
> there's a strong possibility that as they traveled from the
> motel down to Peabody, those things went right out the
> window."

That these items, which the prosecutor appropriately described

as identifiable, had been discarded is a reasonable inference

permitted by the evidence, and, as such, was within the bounds

of proper argument.  See Commonwealth v. Semedo, 456 Mass. 1, 13

(2010) ("In closing argument, a prosecutor may analyze the

evidence and suggest reasonable inferences the jury should draw

from that evidence").  The hat, as described by Correa, was

distinctive and the envelope bore Correa's handwritten notes.

Furthermore, the prosecutor was entitled to respond to comments

made by both defense lawyers emphasizing the fact that these

items were never found.[8]  See <u>Commonwealth</u> v. <u>Bresilla</u>, <u>supra</u> at 438; <u>Commonwealth</u> v. <u>Semedo</u>, <u>supra</u> at 14-15.

   <u>Conclusion</u>.  Because only one of the two convictions can stand, on indictment number 1, the judgment is vacated, the verdict is set aside, and the indictment is dismissed.  The conviction on indictment number 2, is affirmed.  The sentence is vacated and the case is remanded to the Superior Court for resentencing on one conviction of unarmed robbery.  See <u>Commonwealth</u> v. <u>Rivas</u>, 466 Mass. 184, 187-189 (2013).

<u>So ordered</u>.

---

[8] Because defense counsel objected to the remarks at issue, we review for prejudicial error.  See <u>Commonwealth</u> v. <u>Semedo</u>, <u>supra</u> at 12.