After a jury trial the defendant, Scott Tavares, was convicted of assault and battery as a lesser included offense of assault and battery by means of a dangerous weapon.[2] Tavares appeals his conviction, alleging errors regarding the jury instruction. For the reasons that follow, we affirm.
Background. The facts surrounding the assault and battery are as follows. The victim went to a house in the Roxbury section of Boston in order to purchase alcohol. When the victim rang the doorbell to the house, someone appeared through the second-floor window and directed the victim to the back of the house. The victim could not find the back entrance. As the victim was returning to the front of the house, he met the defendant who led him to the second floor and told him to knock on the door at the top of the stairs. As a female opened the door, the defendant pushed the victim inside, pointed a gun at him, and directed him to get on the floor. The victim complied, and the defendant began to beat the female for approximately three minutes. The defendant then walked over to the victim and while holding the gun to the back of the victim's head, reached into the victim's back pocket and took his wallet, which contained approximately $ 400. Still pointing the gun at the victim, the defendant ordered him to get up and stay in the adjacent room where a man was laying on a couch. After hearing screaming and crashing sounds, the victim ran out of the house through the back door and reported the incident to the police.
During an interview with the police, the defendant denied the allegations against him, only admitting to pushing the victim after the victim allegedly grabbed him by the arm. The defendant specifically denied having a gun.
Discussion. 1. Lesser included offense instruction. The defendant argues that the judge erred in instructing the jury on the lesser included offense of assault and battery because the evidence did not support such an instruction. Where the defendant objected to that lesser included instruction, we determine whether an error was made, and if so, whether it was prejudicial. See Commonwealth v. Cruz, 445 Mass. 589, 591 (2005), quoting Commonwealth v. Flebotte, 417 Mass. 348, 353 (1994) ("An error is not prejudicial if it 'did not influence the jury, or had but very slight effect' ").
It is beyond dispute that "[a]ssault and battery is a lesser included offense of assault and battery by means of a dangerous weapon." Commonwealth v. Kelly, 470 Mass. 682, 699 (2015), quoting Commonwealth v. Gouse, 461 Mass. 787, 798 (2012). See Commonwealth v. D'Amour, 428 Mass. 725, 748 (1999) ("A lesser included offense is one which is necessarily accomplished on commission of the greater crime"). It is equally clear that, "if the evidence is sufficiently in dispute at the trial so that a jury may rationally find the defendant not guilty of the greater and guilty of the lesser offense, a judge should give a lesser included offense instruction." Commonwealth v. Drewnowski, 44 Mass. App. Ct. 687, 692 (1998). See Commonwealth v. Russell, 470 Mass. 464, 480 (2015) (instruction on lesser included offense may be given "if on any hypothesis of the evidence, the jury could have found the defendant[ ] guilty of [the lesser included offense] and not guilty of the greater offense" [citation omitted] ). In assessing that equation, "the judge may consider the possibility that the jury reasonably may disbelieve the witnesses' testimony regarding an element required of the greater, but not the lesser included, offense." Id.
Here, the lesser included offense instruction was proper. Although the defendant argues that without a firearm, there could be no touching, the event that transpired between the victim and the defendant constituted one ongoing event where the defendant engaged in various acts against the victim. The jury heard evidence that the defendant pushed the victim inside the house and, while pointing a gun at the victim, ordered him to get on the ground, robbed him, and then ordered him to stay in a different room. The jury also heard the defendant's interview with the police where the defendant denied having a gun, placing the dangerous weapon element in dispute. "The jury, therefore, could find that the defendant was not guilty of the greater crime (assault and battery by means of a dangerous weapon) but was guilty of the lesser included offense (assault and battery)." Commonwealth v. Conley, 34 Mass. App. Ct. 50, 57-58 (1993). See Commonwealth v. Porro, 458 Mass. 526, 537 (2010) (when determining whether a lesser included instruction is permissible, "the judge may consider the possibility that the jury reasonably may disbelieve the witnesses' testimony regarding an element required of the greater, but not the lesser included, offense").
The defendant also argues that his conviction was likely based on uncharged conduct because the jury found him not guilty of assault and battery by means of a dangerous weapon. However, where the defendant's conduct was "one seamless, albeit escalating, criminal episode ... multiple indictments were [not] warranted." Commonwealth v. Davis, 88 Mass. App. Ct. 143, 148 (2015). See Porro, 458 Mass. at 532 ("where one offense is a lesser included offense, a single indictment for the greater offense allows a jury to be instructed on and to consider any lesser included offenses for which the evidence may support a conviction").
2. Self-defense instruction. Defense counsel had requested a self-defense instruction on the lesser included offense of assault and battery. When the judge suggested that the armed robbery charge negated any claim of self-defense, defense counsel agreed and withdrew his request. Nonetheless, the defendant argues on appeal that he was entitled to this instruction. We disagree.
A self-defense instruction is warranted if "the evidence, viewed in its light most favorable to [the defendant], is sufficient to raise the issue." Commonwealth v. Harrington, 379 Mass. 446, 450 (1980). To give this instruction:
"There must be evidence warranting at least a reasonable doubt that the defendant: (1) had reasonable ground to believe and actually did believe that he was in imminent danger of death or serious bodily harm, from which he could save himself only by using deadly force, (2) had availed himself of all proper means to avoid physical combat before resorting to the use of deadly force, and (3) used no more force than was reasonably necessary in all the circumstances of the case."
Commonwealth v. Toon, 55 Mass. App. Ct. 642, 645 (2002), quoting Harrington, 379 Mass. at 450.
The evidence presented here does not allow for any favorable inferences that would allow us to conclude that a self-defense instruction was warranted. There was no evidence to suggest that the defendant was in fear of serious bodily harm. Although the defendant argues that there was evidence that he was concerned for his safety when the victim grabbed him by the arm, this evidence was introduced through the defendant's recorded interview with the police. In this interview, the defendant does not state that the victim grabbed his arm in an attempt to hurt him or start a fight. Rather, the defendant explained that the victim grabbed his arm and told him to "[t]ake it easy" in response to the defendant losing his temper. The defendant told the police that he was "steaming" and that he responded by telling the victim that he was going to kill him. The defendant further told the police that the victim almost "got his butt whipped." The defendant did not indicate that he was ever in fear of the victim or that he pushed the victim to defend himself. Accordingly, it was not error for the judge to decline to give a self-defense instruction.
Judgment affirmed.

The defendant was found not guilty of armed robbery.